## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:17-cv-00329** |
| | ) | **Demand for Jury Trial** |
| | ) | |
| **WERNER ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Andrew Deuschle, who was adversely affected by such practices. As alleged with greater particularity below, Defendant Werner Enterprises, Inc. violated the ADA by refusing to hire him because of his disability and requiring all applicants to answer a pre-offer disability-related question.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

5.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Andrew Deuschle timely filed a charge of discrimination (Charge No. 450-2015-04143) with the Commission. Deuschle's charge alleged violations of Title I of the ADA by Defendant.

7.      The Commission sent Defendant timely notice of Deuschle's charge.

8.      On July 25, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA.

9.      The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On March 2, 2018, the Commission issued a Notice of Failure of Conciliation to Defendant.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF FACTS

14.     Since birth, Andrew Deuschle has been deaf, which substantially limits his major life activities and the functioning of bodily systems, including but not limited to his ability to hear and speak. To manage this condition, Deuschle uses American Sign Language and other assistive technology.

15.     On June 27, 2014, Deuschle received from the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") an exemption from the hearing regulation of 49 C.F.R. § 391.41(b)(1) for the operation of a commercial motor vehicle ("hearing exemption").

16.     In 2014, Deuschle attended Amarillo College's Truck Driving Academy. While a student, a recruiter for Defendant, Dale Hunt, visited the Academy and spoke to students about working for Defendant.

3

17.     Hunt told Deuschle that Defendant could not hire deaf persons for driving positions.

18.     In September 2014, Deuschle graduated from Amarillo College's Truck Driving Academy.

19.     In 2014, Deuschle first received his commercial driver license ("CDL") and has had a valid CDL since that time.

20.     In September 2014, Deuschle applied to work as a truck driver for Defendant. He did not receive an offer of employment.  Deuschle did, however, receive an offer of employment as a truck driver for C.R. England, which he accepted.

21.     In 2015, Deuschle applied again to work as a truck driver for Defendant using its online application portal. His application did not reveal that he is deaf. At the time Deuschle applied, he had a CDL and four and a half months of successful truck driving experience with C.R. England.

22.     After receiving Deuschle's application, Defendant representative Donny Gibbs contacted Deuschle by phone to let him know Defendant had pre-approved his application but that it needed additional information. They used an interpreter to communicate and Deuschle disclosed he is deaf.

23.     Deuschle followed up on his phone call with Gibbs by emailing him on April 8, 2015, to express his continued interest in working as a CDL driver for Defendant and inform him that he was deaf. The same day, Gibbs replied by email asking Deuschle about his driving school graduation and whether he had at least 30 days of experience with another carrier, among other things. Again, that same day, Deuschle answered Gibbs's questions by email, explaining that he had graduated from Amarillo College Driving Academy and had almost five months of truck

driving experience with C.R. England. Gibbs responded that he had forwarded Deuschle's information to Defendant's Review Board. Deuschle then asked Gibbs whether Hunt had been correct when he said that Defendant cannot hire deaf persons for driving positions. Gibbs replied that "unfortunately, that is correct. That is a DOT regulation."

24.     On April 23, 2015, Deuschle emailed Gibbs again, explaining that he had a hearing exemption from FMCSA and asking whether he could work for Defendant.

25.     The next day, Gibbs asked Deuschle to send his exemption and said Defendant would then review his application. Deuschle responded that day by emailing Gibbs scanned copies of (1) the letter he received from the FMCSA informing him that his hearing exemption had been approved, which included his hearing exemption number, (2) his CDL, (3) his FMCSA driver certification card, and (4) his FMCSA medical examiner's certificate. He also sent the same documents again to Gibbs via email on April 27, 2015.

26.     Later on April 27, 2015, Deuschle emailed Gibbs to ask why he had not been hired and Gibbs instructed him how to request information from Defendant's Review Board.

27.     On April 28, 2015, Deuschle received an email from Defendant's Apprenticeship Team which explained that because it understood that he had "5 months [of truck driving] experience" that Gibbs was his assigned recruiter and so should communicate further with him.

28.     In May 2015, Deuschle sent Defendant's Review Board a letter by certified mail asking why he had been denied a position and explaining that he had a hearing exemption as well as nearly five months' experience as a truck driver with C.R. England.

29.     Defendant did not communicate further with Deuschle. Defendant did not engage in any further process to request a copy of his hearing exemption or any other information it needed.

30.     Defendant's application for employment asks: "Is there any reason you might be unable to perform the functions of the job for which you have applied (as described in the attached job description)?" A copy of Defendant's application is attached as Exhibit A.

## STATEMENT OF CLAIMS

## COUNT I

### (ADA – Failure to Hire)

31.     Plaintiff repeats, re-alleges, and incorporates by reference in the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

32.     Deuschle is a qualified individual with a disability as defined in the ADA.

33.     Defendant discriminated against Deuschle in violation of 42 U.S.C. § 12112(a) by denying his employment on the basis of his disability.

34.     As a direct and proximate result of the practices complained of in the foregoing paragraphs, Deuschle has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

35.     The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Deuschle.

## COUNT II

### (ADA – Unlawful Inquiry)

36.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

37.     Defendant's actions violated 42 U.S.C. § 12112(d).

38.     Defendant's application for employment asks: "Is there any reason you might be unable to perform the functions of the job for which you have applied (as described in the attached job description)?" This is a "disability-related question" which is likely to elicit information about a disability and which is unlawful prior to a conditional job offer.

39.     Defendant's violation of 42 U.S.C. § 12112(d) likely chilled other reasonable persons from submitting employment applications.

40.     Defendant's violation of 42 U.S.C. § 12112(d) likely resulted in other applicants, who were not chilled, revealing information to Defendant that would reveal whether they were individuals with disabilities or as to the nature of severity of such disabilities.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant's employment application violates the ADA, 42 U.S.C. § 12112(d), by requiring job applicants to disclose information which would reveal whether they were individuals with disabilities or the nature or severity of such disabilities;

B.     Issue a permanent injunction prohibiting Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant from making any pre-employment disability-related inquiries in violation of the ADA, 42 U.S.C. § 12112(d).

C.     Issue a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of disability.

D.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of Defendant's past and present unlawful employment practices.

E.      Order Defendant to make Andrew Deuschle whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

F.      Order Defendant to make Andrew Deuschle whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

G.      Order Defendant to make Andrew Deuschle whole by providing compensation for non-pecuniary losses resulting from the lawful employment practices described above, including emotional pain and suffering, stress, inconvenience, embarrassment and humiliation, in amounts to be determined at trial.

H.      Order Defendant to pay Andrew Deuschle punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

8

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63130
Phone: (314) 539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

*/s/ Emily A Keatley*
EMILY A. KEATLEY, D.C. Bar No. 1004811
Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 551-6648
Fax: (913) 551-6648
emily.keatley@eeoc.gov

ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION