# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | ) Case No. 8:18-cv-00329<br>)<br>) |
| ANDREW DEUSCHLE, | )<br>) |
| Plaintiff Intervenor, | ) PROTECTIVE ORDER<br>)<br>) |
| v. | )<br>) |
| WERNER ENTERPRISES, INC., | )<br>) |
| Defendant. | ) |

Upon the request of the parties in their Rule 26(f) Report (Filing No. 23), this Court enters the following Protective Order governing the confidential and proprietary information obtained in this case.

1. Definitions

    a. "Party" means Plaintiff EEOC, Plaintiff-Intervenor Andrew Deuschle, Defendant Werner Enterprises, Inc., and any other person or entity that may become a party to this litigation.

2. Only the following materials obtained during the course of this case are deemed private and confidential and subject to this Order:

    (A) Trade secrets;

    (B) Health records, audiological records, or other Protected Health Information (as defined by federal law);

    (C) Financial records, such as balance sheets, profit and loss statements, income tax returns, W-2s and/or pay stubs;

(D) Personnel records;

(E) Records and testimony relating to Conciliation of the underlying charges; and

(F) Non-public proprietary business records, including but not limited to leave records, personnel policies, workers' compensation records, and employees' medical information.

3. Documents designated by a party as confidential pursuant to this Protective Order shall remain confidential, and absent permission by the Court, will be used only for the purpose of preparation and presentation of this case. Any documents produced or information provided by a party pursuant to or in response to any discovery request may be designated as "Confidential" in the following manners:

(A) By imprinting the word "Confidential" on the first page or cover of any document produced;

(B) By imprinting the word "Confidential" next to or above any Answer to any Interrogatory or any other written discovery response;

(C) With respect to deposition transcripts, by making arrangements with the attending court reporter to label the transcripts as "Confidential" or by designating portions of the transcripts as "Confidential."

4. Counsel for the parties shall be responsible for assuring that access to Confidential Information shall be permitted only to:

(A) Counsel of record and staff of counsel assisting on this litigation;

(B) Those officers and employees of the Parties who are assisting in the litigation or who otherwise have a need to know;

(C) Outside consultants or experts who are retained to assist the parties in the litigation and who have signed a Nondisclosure Agreement in the Form of Exhibit 1 attached hereto;

(D) The Court and court personnel;

(E) Court reporters, videographers, and their staff, involved in recording depositions or proceedings in this litigation;

(F) Witnesses noticed for deposition and prospective trial witnesses, to the extent the Confidential Information may reasonably be believed to relate to their testimony;

(G) Others permitted by Order of this Court; and

(H) As required by law or court order or in response to a request for information from any government or regulatory entity, if the party disclosing the confidential information has first provided at least 30 days' notice to the producing party of its intent to disclose the confidential information pursuant to this subparagraph unless otherwise required by law.

5. In order to comply with HIPAA requirements, a party receiving medical records must:

(A) Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) As stated above, such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

6. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record. Counsel shall instruct any individual who views Confidential Information that such person is bound by the terms of this Order and must not reveal information to any other person. To ensure compliance with the terms of paragraph 4(C) regarding disclosure to outside experts, each party's counsel of record shall maintain a file of all written agreements executed by outside experts pursuant to that subparagraph.

7. The inadvertent or unintentional failure to designate any information confidential pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection so long as such claim is asserted within thirty (30) days of the initial production or disclosure. Within that time, the designating party may substitute properly labeled copies of Confidential Information,

identify by Bates number the documents claimed as confidential, or designate portions of a deposition transcript as confidential in the manner described in Paragraph 3(C).

8. This Order shall remain in force unless and until it is modified by this Court.

9. A party seeking to restrict access to documents filed in this action that are designated as confidential pursuant to this Protective Order must do so in accordance with the local rules of this Court.

10. The entry of this Protective Order does not constitute a determination that any material designated confidential is either relevant, admissible, or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

11. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action. The parties recognize that this issue will be addressed prior to trial by the Court.

12. The restrictions and obligations set forth in this Protective Order relating to Confidential Information will not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge, (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; or (iii) is in the receiving party's legitimate and lawful possession independent of the designating party other than through the discovery provisions of the Federal Rules of Civil Procedure and/or Fed. R. Civ. P. 45.

13. The provisions of this Protective Order shall not terminate at the conclusion of this action. Return or destruction of Confidential Information possessed by EEOC, an agency of the federal government, shall conform to agency regulations and policy governing the retention and destruction of case files. Within 120 days after final conclusion of all aspects of this Litigation,

Confidential Information, and all copies of same (other than documents filed publicly with the Court), including copies in an electronic format, possessed by all other parties besides the EEOC must be returned to the designating party or destroyed, provided, however, that (i) counsel shall not be required to retrieve from the Court any documents filed with the Court in this matter; (ii) in no event shall counsel be obligated to turn over any items which constitute attorney work product (as defined by applicable law); and (iii) counsel shall be entitled to retain one copy of all information as part of its permanent litigation file and such information shall remain subject to the confidentiality obligations of this Protective Order.

14. The parties will comply with Federal Rule of Civil Procedure 5.2 and the Court's local rules governing privacy protections for filings made with the Court. This Order does not alter the provisions of Federal Rule of Civil Procedure 5.2.

15. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege, Work Product Doctrine, or Governmental Deliberative Process Privilege**. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege, work product protection, or governmental deliberative process privilege, including, but not limited, to information or documents that may be considered Confidential Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as privileged or protected. Any party receiving any such information or document must return it upon request to the designating party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the designating party within 10 days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information

or document by another party prior to such later designation will not be deemed a violation of the provisions of this Order, but the disclosing party must take reasonable steps to retrieve the information upon learning it has been claimed as privileged and shall advise the party or entity to whom it disclosed the information that the information has been designated as privileged and should not be disclosed. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

IT IS SO ORDERED this 10th day of October, 2018.

BY THE COURT

s/ Susan M. Bazis  
United States Magistrate Judge

**EXHIBIT 1**
**NONDISCLOSURE AGREEMENT**

I, _____, certify that I have read the Protective Order entered in the case of *Equal Employment Opportunity Commission et al. v. Werner Enterprises, Inc.*, Case No. 8:18-cv-00329, which is pending in the United States District Court for the District of Nebraska. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____