## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

   v.

WERNER ENTERPRISES, INC.,

        Defendant,


and

ANDREW DEUSCHLE,

        Plaintiff Intervenor,

   v.

WERNER ENTERPRISES, INC.,

        Defendant.

**CASE NO: 8:18CV329**


**DEFENDANT WERNER ENTERPRISES, INC.'s ANSWER TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S AMENDED COMPLAINT AND JURY DEMAND**


COMES NOW Defendant Werner Enterprises, Inc. ("Werner") and for its Answer to the Amended Complaint (Filing 112) filed by Plaintiff Equal Employment Opportunity Commission ("Plaintiff"), admits and denies as follows:

### NATURE OF THE ACTION

The unnumbered paragraph under the caption "Nature of the Action" contains legal conclusions to which no response is required.  To the extent a response is required, Werner denies the allegations and denies that Plaintiff is entitled to any relief against Werner.

## JURISDICTION AND VENUE

1.      Werner admits the allegations in ¶1 insofar as they allege the jurisdictional basis for this lawsuit.

2.      Werner admits that venue is proper in the District of Nebraska as alleged in ¶2. Werner denies it committed unlawful employment practices.

## PARTIES

3.      Werner admits the allegations in ¶3.

4.      Werner admits the allegations in ¶4.

5.      Werner admits the allegations in ¶5.

## ADMINISTRATIVE PROCEDURES

6.      In response to ¶6, Werner admits that on or about September 17, 2015, Andrew Deuschle ("Deuschle") filed a Charge of Discrimination, Charge No. 450-2015-04143 ("Charge"), with the Texas Workforce Commission Civil Rights Division and Equal Employment Opportunity Commission ("EEOC"), alleging he was discriminated against by Werner.  Werner denies that it discriminated against Deuschle.

7.      In response to ¶7, Werner admits that on or about September 30, 2015, Werner received a letter from the EEOC regarding Deuschle's Charge.  Werner denies the remaining allegations in ¶7 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

8.      In response to ¶8, Werner admits that the EEOC issued Werner a July 25, 2017, Letter of Determination and states that the Letter of Determination referred to in ¶8 speaks for itself.  Werner denies that it discriminated against Deuschle or that it violated the Americans with Disabilities Act ("ADA").

9.      In response to ¶9, Werner states that the Letter of Determination referred to in ¶9 speaks for itself.  Werner denies that it engaged in discriminatory practices.

10.     In response to ¶10, Werner admits that it engaged in communications with the EEOC regarding Deuschle's Charge.  Werner denies that the EEOC engaged in good faith conciliation efforts and that Werner engaged in discriminatory practices.

11.     In response to ¶11, Werner admits that it did not enter into a conciliation agreement with the EEOC and states the EEOC did not engage in good faith conciliation efforts.

12.     In response to ¶12, Werner admits that the EEOC issued Werner a March 2, 2018, Notice of Failure of Conciliation. For further answer, Werner states that the EEOC did not engage in good faith conciliation efforts.

13.     Werner denies the allegations in ¶13.

## STATEMENT OF FACTS

14.     Werner denies the allegations in ¶14 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

15.     Werner denies the allegations in ¶15 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

16.     Werner denies the allegations in ¶16 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

17.     Werner denies the allegations in ¶17.

18.     Werner lacks information sufficient to form a belief as to the truth of the allegations in ¶18 and therefore denies the allegations.

19.     Werner lacks information sufficient to form a belief as to the truth of the allegations in ¶19 and therefore denies the allegations.

20.     In response to ¶20, Werner admits that in 2014, Deuschle applied for employment with Werner and Werner did not offer Deuschle a job.  Werner denies the remaining allegations in ¶20 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

21.     Werner admits that in March of 2015, Deuschle submitted an Online Driver Application ("Online Application") for employment with Werner and that the Online Application did not reveal that he is deaf.  Werner denies the remaining allegations in ¶21 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

22.     Werner admits the allegations in ¶22. In further response to ¶22, Werner states that pre-approval only means that an individual appears to meet the initial qualifications for employment.

23.     Werner denies the allegations in ¶23 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

24.     Werner denies the allegations in ¶24 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

25.     Werner denies the allegations in ¶25 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

26.     Werner denies the allegations in ¶26 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

27.     Werner denies the allegations in ¶27 because Werner lacks information sufficient to form a belief as to the truth of those allegations.

28.     Werner denies the allegations in ¶28.

29.     In response to ¶29, Werner admits that Deuschle did not contact Werner following May of 2015.  Werner states that because Werner did not offer Deuschle employment, it did not require additional information from Deuschle. Werner denies the remaining allegations in ¶29.

30.      Werner denies the allegations in ¶30.  Werner states that the document attached as Exhibit "1" to Plaintiff's Complaint, which is an old version of Werner's job application, speaks for itself.  Werner also states that Werner discontinued using that application on or before July 5, 2013.

## COUNT I

31.     Werner restates and reincorporates Werner's responses to ¶¶1-30 of Plaintiff's Amended Complaint as if fully set forth herein.

32.     Werner denies the allegations in ¶32.

33.     Werner denies the allegations in ¶33.

34.     Werner denies the allegations in ¶34.

35.     Werner denies the allegations in ¶35.

## COUNT II

36.     Werner restates and reincorporates Werner's responses to ¶¶1-35 of Plaintiff's Amended Complaint as if fully set forth herein.

37.     Werner denies the allegations in ¶37.

38.     Werner denies the allegations in ¶38.  Werner states that the old version of Werner's job application attached to Plaintiff's Amended Complaint as Exhibit "1" speaks for itself.  Werner also states that Werner discontinued using that application on or before July 5, 2013.

39.     Werner denies the allegations in ¶39.

40.     Werner denies the allegations in ¶40.

## COUNT III

41.     Werner restates and reincorporates Werner's responses to ¶¶1-40 of Plaintiff's Amended Complaint as if fully set forth herein.

42.     Werner denies the allegations in ¶42. Werner states that the recruiting guideline that addresses FMCSA waivers and MCSA-5870 forms (which are related to Insulin Treated Diabetes Mellitus), and the document memorializing that process, "FMCSA / MCSA-5870 Process," speaks for itself.

43.     In response to ¶43, Werner admits that, according to a notation on the recruiting guideline entitled "FMCSA / MCSA-5870 Process," that guideline was amended on December 17, 2018. Werner denies that it maintained a "Deaf Recruitment Policy."

44.     Werner admits that a true and correct copy of the "FMCSA / MCSA-5870 Process" is attached to Plaintiff's Amended Complaint as Exhibit 2. Werner denies that the document attached as Exhibit 2 is a "Deaf Recruitment Policy" and denies that Werner maintained a "Deaf Recruitment Policy."

45.     Werner denies the allegations in ¶45.

## DENIAL OF PRAYER FOR RELIEF

46.     Werner denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief, including ¶¶A-L.

## DENIAL OF ALLEGATIONS NOT ADMITTED

47.     All allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

48.     Plaintiff's claims are barred by Plaintiff's failure to allege facts sufficient to constitute a cause of action against Werner and therefore should be dismissed.

49.     Plaintiff's claims are barred because Deuschle is not a "qualified individual with a disability."

50.     Plaintiff's claims are barred because Deuschle is not qualified to perform the essential functions of the job with or without reasonable accommodation.

51.     Plaintiff's claims are barred because Deuschle posed a direct threat to the health and safety of himself and/or others in that allowing him to operate a commercial motor vehicle creates a significant risk to the health and safety of others that cannot be eliminated by reasonable accommodations.

52.     Plaintiff's claims are barred because Werner did not discriminate against Deuschle, and any and all decisions made by Werner regarding Deuschle's employment were based on reasonable, lawful, and non-discriminatory factors.

53.     Plaintiff's claims are barred because the same decision would have been reached regarding Deuschle's application for employment regardless of his alleged disability.

54.     Plaintiff's claims are barred because, at all pertinent times, Werner's actions were for legitimate non-discriminatory reasons and/or taken out of business necessity.

55.     Plaintiff's claims are barred because the practice alleged by Plaintiff to be discriminatory is justified by a bona fide occupational qualification, in that Deuschle could not perform the duties of the position of a driver in a safe and efficient manner, and the essence of Werner's business operation would therefore be undermined if Werner were required to employ Deuschle.

56.     Plaintiff's claims are barred because all decisions relating to Deuschle's application for employment were undertaken in good faith and without malice, were a just and proper exercise of management discretion, and were based on legitimate and non-discriminatory reasons undertaken fairly and honestly with good faith under the circumstances then existing.

57.     Plaintiff's claims are barred because any accommodation would cause an undue burden requiring a fundamental alteration in the nature of Werner's services, programs, or activities or undue financial or administrative burdens.

58.     Plaintiff's claims are barred because of Werner's compliance with relevant underlying law(s).

59.     Plaintiff's claims are barred because Deuschle's physical impairments could not be reasonably accommodated in order to perform the essential functions of his position.

60.     Deuschle has failed to mitigate his alleged damages.

61.     Plaintiff failed to fulfill all conditions precedent before filing suit, including but not limited to, failing to fulfill in good faith its statutory obligation to conciliate before filing a lawsuit.

62.     Plaintiff's claim alleged in Count II is moot because Werner has revised its Application for Employment.

63.     Plaintiff's claim alleged in Count II is barred in whole or in part by the applicable statute of limitations.

64.     Plaintiff's claim alleged in Count III is moot because Werner has discontinued using the recruiting guideline identified as the "FMCSA / MCSA-5870 Process."

65.     Werner reserves the right to amend to assert additional affirmative defenses that may become relevant through discovery.

WHEREFORE, Werner having fully answered, requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and award Werner its costs and expenses, including, to the extent recoverable, attorney fees incurred in this matter, and grant such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Werner hereby demands a trial by jury.

WERNER ENTERPRISES, INC., Defendant.

BY: */s/ Joseph E. Jones*
Joseph E. Jones, #15970
Elizabeth A. Culhane, #23632
Brandon J. Crainer, #24891
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE  68102-2663
(402) 341-6000
jjones@fraserstryker.com
eculhane@fraserstryker.com
bcrainer@fraserstryker.com
ATTORNEYS FOR WERNER
ENTERPRISES, INC.

2312198 v1