**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **8:18CV329** |
| Plaintiff, | **FOURTH AMENDED FINAL PROGRESSION ORDER** |
| vs. | |
| WERNER ENTERPRISES, INC., | |
| Defendant, | |
| and | |
| ANDREW DEUSCHLE, | |
| Plaintiff Intervenor, | |

This matter is before the Court on the parties' Unopposed Motion to Extend Progression Order Deadlines. (Filing No. 127.)  The motion is granted.  Accordingly,

**IT IS ORDERED** that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1) **The trial and pretrial conference will not be reset at this time**.   The status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** remains as scheduled with the undersigned magistrate judge by telephone conference on **June 25, 2020** at **3:00 p.m.**  Counsel shall use the conferencing instructions assigned to this case to participate in the conference.  (Filing No. 28.)

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **March 27, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **April 7, 2020**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **February 14, 2020** |
| For the Intervenor: | **February 14, 2020** |
| For the defendant(s): | **April 10, 2020** |

4)  The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | **February 14, 2020** |
| For the Intervenor: | **February 14, 2020** |
| For the defendant(s): | **April 10, 2020** |
| Plaintiff Rebuttal: | **May 13, 2020** |
| Intervenor Rebuttal: | **May 13, 2020** |

5)  The non-expert deposition deadline is **May 20, 2020**. The expert deposition deadline is **June 26, 2020**.

    a.  The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants a s a group is 10.

    b.  Depositions will be limited by Rule 30(d)(1).

6)  The deadline for filing motions to dismiss and motions for summary judgment is **August 10, 2020**.

7)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **July 27, 2020**.

8)  Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10)  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 6th day of April, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.