## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | CASE NO: 8:18-CV-329 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| WERNER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW DEUSCHLE, | ) | |
| | ) | |
| Plaintiff Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | CASE NO: 8:18-CV-462 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DRIVERS MANAGEMENT, LLC and WERNER ENTERPRISES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Joint Motion of Plaintiff and Intervenor for Reimbursement of Expenses and Fees Associated with Cancelled Depositions.  (Case No. 8:18CV329, Filing No. 123; Case No. 8:18CV426, Filing No. 92.)  The motion will be granted, in part.

**BACKGROUND**

On October 7, 2019, counsel for Defendant Werner Enterprises ("Werner") contacted counsel for the EEOC and Intervenor Andrew Deuschle ("Deuschle") to schedule the depositions of Victor Robinson ("Robinson") and Deuschle in Omaha, Nebraska.  (Case No. 8:18CV329, Filing No. 132-3.)  The EEOC's counsel responded that the depositions would need to occur in Austin, Texas in order to have three, certified "RID SC:L" interpreters present.  (Case No. 8:18CV329, Filing No. 132-4.)  Werner agreed to depose Robinson and Deuschle in Austin, Texas, on February 26, 2020 using a videographer, a court reporter, and two RID SC:L interpreters.[1] (Case No. 8:18CV329, Filing No. 132-7; Filing No. 132-8.)  The EEOC also advised Werner's counsel that it had retained its own interpreter (in addition to the two interpreters hired by Werner) for the depositions.  (Case No. 8:18CV329, Filing No. 132-8.)

Werner's lead counsel, Joseph Jones ("Mr. Jones"), prepared for and planned to conduct the depositions.  (Case No. 8:18CV329, Filing No. 132-1.)  Werner's other counsel of record, Elizabeth Culhane ("Ms. Culhane") and Brandon Crainer ("Mr. Crainer"), did not prepare for the depositions and did not plan to participate.  (Case No. 8:18CV329, Filing No. 132-1.)  On the morning of February 24, 2020, Mr. Jones advised Ms. Culhane he could not proceed with the depositions because he was too sick to travel.[2]  (Case No. 8:18CV329, Filing No. 132-1.)  At approximately 8:30 a.m., Ms. Culhane emailed counsel for the EEOC and counsel for Deuschle notifying them that the depositions would have to be rescheduled due to Mr. Jones' illness.  (Case No. 8:18CV329, Filing No. 132-11.)  Grant Doty ("Mr. Doty"), counsel for the EEOC, responded at 9:21 a.m., stating that the depositions had to go forward because people were already on their way to Austin.  (Case No. 8:18CV329, Filing No. 132-12.)

At the time Mr. Doty sent the email, he was on his way to the airport in St. Louis, Missouri.  His flight was scheduled to depart St. Louis sometime around 11:00 a.m.  (Case No. 8:18CV329, Filing No. 132-14; Filing No. 124-6.)  Another attorney for the EEOC, Emily Keatley ("Ms.

---

[1] On January 23, 2020, Werner's counsel informed counsel for the EEOC and Deuschle that it could not locate any available RID SC:L interpreters.  The EEOC and Deuschle ultimately agreed to allow Werner to proceed with interpreters holding a different certification.  (Case No. 8:18CV329, Filing No. 132-9; Filing No. 132-10.)

[2] Mr. Jones was diagnosed with pneumonia.  (Filing No. 132-1.)

Keatley"), was already in the air traveling from Kansas, City, Missouri to Austin. (Case No. 8:18CV329, Filing No. 124.) Robinson's flight was scheduled to leave Louisiana for Austin at 9:35 a.m., and Deuschle's flight was to depart Phoenix, Arizona at 11:30 a.m. central time. (Case No. 8:18CV329, Filing No. 124.) The EEOC's interpreter was traveling from Irving, Texas, which is a relatively short trip to Austin. (Case No. 8:18CV329, Filing No. 124.) It is unclear when the EEOC's interpreter departed.

Ms. Culhane, who was participating in a meditation in another case, was unable to speak to Mr. Doty by phone regarding the need to reschedule the depositions. (Case No. 8:18CV329, Filing No. 132-15.) However, Mr. Doty and Mr. Crainer were able to speak at approximately 2:48 p.m. on February 24, 2020. (Case No. 8:18CV329, Filing No. 132-2.) The two discussed the option of having Mr. Crainer or Ms. Culhane conduct the depositions either in person or by video/teleconference. (Case No. 8:18CV329, Filing No. 132-2; Filing No. 124.) Mr. Crainer conveyed that this could not occur because neither him nor Ms. Culhane had prepared for the depositions and they each had other commitments. (Case No. 8:18CV329, Filing No. 132-2; Filing No. 124.)

Thereafter, Mr. Doty requested a telephone conference with the Court to discuss the matter. The Court held a telephone conference with counsel on February 24, 2020, at approximately 4:00 p.m. Upon hearing the matter, the Court ordered that the depositions would not occur as scheduled. However, the Court granted the EEOC and Deuschle leave to submit a motion seeking reimbursement of the deposition costs and expenses. The instant motion seeking reimbursement was filed on March 23, 2020.

## DISCUSSION

The EEOC and Deuschle request that the Court order Werner to reimburse them for expenses incurred due to the cancelled depositions pursuant to Federal Rule of Civil Procedure 30(g)(1). They request that Werner reimburse them (1) $4,978.30 for travel costs and expenses; (2) $3,550.00 for attorneys' fees for work related to the cancelled depositions and preparation of the instant motion; and (3) $603.00 for Robinson and Deuschle's lost wages. The total amount sought is $9,131.30.

Werner is willing to pay $1,416.09, which is the cost associated with Ms. Keatley's travel because Ms. Keatley had already departed for the depositions by the time the EEOC and Deuschle were notified of Mr. Jones' illness.  (Case No. 8:18CV329, Filing No. 131.)  However, Werner argues it should not have to pay for the travel costs of the other individuals because the EEOC and Deuschle could have mitigated expenses by agreeing to reschedule the depositions when they first learned of Mr. Jones's illness.  Werner points out that when the EEOC and Deuschle were notified of Mr. Jones's unavailability, Mr. Doty, Deuschle, and Robinson had not yet departed for Austin.  Werner contends Mr. Doty, Deuschle, and Robinson's flights could have been rescheduled because there were no costs associated with changing tickets as all flights were booked at federal government contracted rates.

Werner further argues that the EEOC and Deuschle incurred unnecessary costs in connection with the depositions and Werner should not be required to cover these expenses. Particularly, Werner contends any request for travel costs for Mr. Doty, Deuschle, and Robinson is unreasonable because the EEOC and Deuschle chose Austin as the location for the depositions. Moreover, Werner maintains it should not have to pay costs associated with the EEOC's interpreter's travel because the EEOC insisted on having the depositions in Austin due to the availability of qualified interpreters, but then decided to hire an interpreter from outside the Austin area.  Werner argues it should not have the bear the costs that the EEOC unnecessarily expended in hiring an interpreter from a different location.

Federal Rule of Civil Procedure 30(g)(1) provides "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1).   "This rule does not require that the noticing party acted in 'bad faith,' although bad faith may play a part in the exercise of the court's discretion in making an award." *Prism Techs., LLC v. Adobe Sys., Inc.*, No. 8:10CV220, 2011 WL 6887121, at *3 (D. Neb. Dec. 29, 2011).  "In deciding a [m]otion for [s]anctions, the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith, when setting proper sanctions." *Id.* (quotation omitted).

Having considered all the circumstances, the Court will award the EEOC and Deuschle $4,978.30 to cover the costs of travel. The Court is sympathetic to Mr. Jones' unexpected illness. However, it would be inequitable to require the EEOC and Deuschle to cover the costs of travel to Austin for depositions noticed by Werner that did not occur. Although Mr. Doty, Deuschle, and Robinson had yet to depart for Austin at the time Mr. Jones' illness was reported, their flight departure times were very close to the time they were notified. Mr. Doty was already on his way to the airport and, given Deuschle and Robinson's flight times, it is probable that they were at, or at least traveling to, airports for their flights.

It was not unreasonable for these individuals to continue their planned trips to Austin. It was the EEOC and Deuschle's position that the depositions should go forward without Mr. Jones. Mr. Doty was unable to speak to Werner's counsel by phone to confer about the matter until 2:48 p.m., well after the flights had departed. Shortly thereafter, Mr. Doty contacted the Court and requested a telephone conference. The conference with the Court occurred at approximately 4:00 p.m. It was not until that time that the parties had a ruling from the Court as to whether the depositions would proceed as scheduled. Based on this timeline of events, and the parties' differing positions as to rescheduling the depositions, Mr. Doty, Deuschle, and Robinson had little choice but to continue to Austin. Therefore, the Court will order Werner to reimburse the EEOC and Deuschle for the costs of travel.

The Court will not, however, order Werner to pay attorneys' fees stemming from the cancelled depositions. An award of such amounts would be unreasonable and disproportionate under the circumstances. The cancellation of the depositions was not done in bad faith. Mr. Jones' illness was unexpected and the EEOC and Deuschle were immediately notified about the need to reschedule the depositions. The notification was received nearly 48-hours in advance of the depositions. It is understandable that Werner's other counsel of record, Mr. Crainer and Ms. Culhane, were unable to cover these depositions due to the timing of events. Mr. Crainer and Ms. Culhane had not prepared for the depositions and had other obligations. Also, because the deponents are deaf and require interpreters, it would have been extremely difficult to conduct the depositions remotely.

The Court also will not order Werner to pay for Robinson and Deuschle's purported lost wages.  The amounts provided for Robinson and Deuschle's lost wages are highly speculative.  Further, as claimants in this case, Robinson and Deuschle should expect to spend a reasonable amount of time away from their jobs to diligently pursue this litigation.

Accordingly,

**IT IS ORDERED** that the Joint Motion of Plaintiff and Intervenor for Reimbursement of Expenses and Fees Associated with Cancelled Depositions (Case No. 8:18CV329, Filing No. 123; Case No. 8:18CV426, Filing No. 92) is granted, in part.  Upon the conclusion of this litigation, Werner shall pay $4,978.30 to cover the costs of travel for the cancelled depositions.

Dated this 27th day of May, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge