IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WERNER ENTERPRISES, INC.,<br><br>　　　　　Defendant;<br><br>　and<br><br>ANDREW DEUSCHLE,<br><br>　　　　　Plaintiff Intervenor,<br><br>　v.<br><br>WERNER ENTERPRISES, INC.,<br><br>　　　　　Defendant. | **CASE NO: 8:18-CV-329**<br><br>**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF GRANT DOTY</u>** |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DRIVERS MANAGEMENT, LLC and WERNER ENTERPRISES, INC.,<br><br>　　　　　Defendants. | **CASE NO: 8:18-CV-462**<br><br>**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF GRANT DOTY</u>** |

**I.　INTRODUCTION**

Plaintiffs have the burden to offer admissible evidence in support of their Motion to Compel. Plaintiffs cannot meet their burden to prove the Court should compel Werner to produce documents Plaintiffs suspect are "missing" by offering an inadmissible Declaration from

opposing counsel in which he speculates, without foundation, that Werner has destroyed or altered documents. Plaintiffs have not offered any evidence from which the Court could conclude that Mr. Doty has personal knowledge regarding what should or should not be contained in Werner's business records.

Plaintiffs do not dispute that Mr. Doty's sworn Declaration contained misstatements or that Mr. Doty lacks foundation to testify regarding the speculative statements contained in his Declaration. Nonetheless, Plaintiffs argue the Court should consider that evidence because, according to Plaintiffs, the statements, although demonstrably incorrect, were "not misleading" and because Werner did not offer competing evidence to contradict Mr. Doty's baseless and incorrect statements.

Contrary to Plaintiffs' arguments, Werner does not have the burden to offer evidence refuting the speculative, irrelevant, and inadmissible statements made by Mr. Doty. Because Mr. Doty's Declaration contains speculation, lacks foundation, and is inadmissible, Werner's Motion to Strike Paragraphs 6, 9-10, 13, 16, 45-46, 48, 50-58, 62, 66, 71, 82-83, 96, 99, 103, 106, 112, 114, 118-119, and 123-124 of Mr. Doty's Declaration should be granted and Plaintiffs' Motion to Compel should be denied in its entirety.

## II. ARGUMENT

### A. Plaintiffs Admit Mr. Doty's Declaration Contains Misstatements.

Plaintiffs do not dispute that Mr. Doty's Declaration contains obvious misstatements. Although Plaintiffs now argue Mr. Doty's misstatements were "not misleading," a fair reading of those statements indicates they were calculated to mislead and to unfairly characterize Werner's discovery responses in this case. For instance, Plaintiffs attempt to portray Werner as a bad actor, suggesting Werner failed to properly supplement certain discovery responses. Specifically, Mr. Doty incorrectly stated, in a Declaration signed under penalty of perjury, that "Werner **provided no documents** responsive to the EEOC's RFP Nos. 15, 23, or 24 with respect to any applicant other than Deuschle and Robinson." (Filing 215-9, Doty Declaration, ¶6) (emphases added). This statement is demonstrably incorrect because, as set forth in Werner's Brief in Support of Werner's Motion to Strike, Werner *did* produce documents responsive to those Requests for other drivers in its supplemental responses. (Filing 222-2, Declaration of Sarah L. (Sally) McGill, ¶¶47-49). In the face of that evidence, Plaintiffs now weakly attempt to "clarify" Mr. Doty's statement as referring to Werner's *initial* responses served in April, 2019. Contrary to

Plaintiffs' unsupported arguments, Paragraph 6 of Mr. Doty's Declaration does not reference the April, 2019 discovery responses and clearly implied that Werner had never supplemented its production of documents with respect to those Requests. That statement is also clearly misleading because Mr. Doty ignored supplemental productions. By stating that Werner had not produced *any* documents responsive to those Requests, Plaintiffs incorrectly suggested a pattern of failing to produce discovery responses.

In his Declaration, Mr. Doty also incorrectly stated that Werner first produced audit trail data for certain drivers on April 30, 2021. Plaintiffs relied on that misstatement to argue they could not have requested other documents for those drivers earlier than they did. Contrary to Plaintiffs' argument, Werner first produced audit trail data in response to the March 1, 2021, discovery requests weeks earlier and Plaintiffs have been aware of the existence of audit trail data since April *2020*, but never requested that data for anyone other than Robinson or Deuschle until March 1, 2021. In the face of this irrefutable evidence, Plaintiffs' only response is to state that a "more compete (sic) statement" might have been "On April 16, 23, 30, and May 5, 2021, … Werner produced Routing Comment Documents/Audit Trail Data (RCD/ATD) for 68 applicants." (Plaintiffs' Brief, p. 3-4). This statement, which does nothing to explain why Mr. Doty neglected to reference the earlier dates in his Declaration, falls flat.

Plaintiffs also acknowledge that Mr. Doty removed the email correspondence leading up to the parties' 2019 Discovery Compromise but, curiously, argue no text was "removed." (Plaintiffs' Reply Brief in Support of Motion to Compel, p. 15). Contrary to Plaintiffs' argument, ***entire portions of the email chain were removed***. (Compare Filing 215-13 (Mr. Doty's exhibit containing 1 page of email correspondence) with Filing 222-1 at Page ID # 1831-1837 (Ms. Culhane's Declaration containing the full 7-page email correspondence)). It also appears that Plaintiffs' removal of the correspondence leading up to the parties' 2019 Discovery Compromise was calculated to mislead the Court as to the nature of the parties' compromise because, before Plaintiffs cited that abridged email correspondence, Plaintiffs quoted the entirety of the EEOC's Request Nos. 15, 23, and 24 and argued Werner had objected to those Requests. (See Filing 214, Plaintiffs' Brief, pp. 3-5). Plaintiffs then cited to the incomplete email correspondence to support their incorrect argument that the compromise addressed the EEOC's Request Nos. 15, 23, and 24. (See Filing 214, Plaintiffs' Brief, pp. 3-5). To rectify this misstatement, Werner offered the complete email correspondence, including additional correspondence in which counsel

3

separately addressed the concerns regarding the EEOC's Request Nos. 23 and 24. (See Filing 222-1 at Page ID # 1824). Plaintiffs now argue no "chain" of emails would capture all the factors considered by the parties, but the emails offered by Werner accurately reflect the parties' discussions regarding those specific requests. Specifically, the complete email correspondence confirms the 2019 Discovery Compromise addressed the Intervenor's Request Nos. 4 and 5, the Intervenor's Interrogatory No. 8, and the EEOC's Request Nos. 28 and 29, and Plaintiffs did not offer any evidence from which the Court could conclude otherwise. (Filing 222-1 at Page ID # 1824-1837).

Mr. Doty similarly mischaracterizes the parties' May 25, 2021, discussion regarding documents produced in January, 2020 for drivers on the FMCSA List. During that call, in which Plaintiffs raised alleged concerns about a production made over 14 months earlier, Plaintiffs' counsel asked Werner's counsel to confirm that each driver's "full application file" was produced in January, 2020. Werner's counsel explained that she did not know what Plaintiffs meant by the term "application file," but it was her understanding that applications and certain other documents were produced for drivers on the list in January, 2020, and that there was an agreement regarding the specific documents to be produced. (Filing 222-2, McGill Decl. ¶21). Werner's counsel also indicated that she was not aware of any documents that should have been produced but were not, but if counsel could identify any specific documents that they believed were missing, she would be happy to follow up with the client. Plaintiffs' counsel did not do so until months later, at which time Werner's counsel worked to promptly obtain appropriate supplementation. (Compare Filing 222-2 at ¶22 & Ex. E (June 1, 2021, email, failing to identify any specific documents missing from the January, 2020 production) with Filing 215-16 (July 26, 2021, email, identifying, for the first time, documents Plaintiffs believed were missing from the January, 2020 production; Filing 222-2 at ¶¶30-33). In his Declaration, Mr. Doty incorrectly suggests Werner's counsel stated during that May, 2021 call that all documents in Werner's possession were produced for drivers on that list. (Filing 215-9 at ¶66). To the contrary, the parties never agreed that Werner would produce all documents regarding those drivers and Werner's counsel did not assert any such thing during the parties' May 25, 2021 call. Mr. Doty's statement was clearly intended to mislead the Court about the scope of the parties' agreement and Werner's efforts to comply with its discovery obligations.

For these reasons, and those set forth in Werner's opening Brief, the referenced portions of Mr. Doty Declaration are contrary to the facts, lack foundation, contain speculation, and are not admissible. The Court should grant Werner's Motion to Strike.

**B.      Plaintiffs Cannot Rely on Inadmissible Evidence to Support their Baseless Motion to Compel.**

Plaintiffs cannot rely on Mr. Doty's rampant speculation to support their Motion to Compel and Werner had no obligation to offer irrelevant evidence refuting the unfounded speculations of Plaintiffs' counsel. A party cannot rely on inadmissible evidence to support a motion. See, e.g., Gen. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029, 1041 (N.D. Iowa 2013); Williams v. Hooker, No. 4:02CV01250 ERW, 2007 U.S. Dist. LEXIS 85943, at *16 (E.D. Mo. Nov. 20, 2007) ("a party may not rely on inadmissible hearsay" in supporting or opposing a motion for summary judgment). Consistent with that general principle, a court may only rely on an affiant's statements if those statements are admissible. See Gen. Capital Corp., 986 F. Supp. 2d at 1041. Specifically, **an affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."** See id. (emphasis added) (citing Fed. R. Civ. P. 56(c)(4)); see also Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). An "affidavit is *inadmissible* if the witness *could not have actually perceived or observed* that which he testifies to." Stevens v. Water Dist. One, 561 F. Supp. 2d 1224, 1231 (D. Kan. 2008) (citing Argo v. Blue Cross and Blue Shield of Kan., Inc., 452 F.3d 1193, 1200 (10th Cir. 2006) (emphasis added). Courts "should disregard inadmissible hearsay statements *contained* in affidavits, as those statements could not be presented at trial in any form." Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006) (emphasis in original). Similarly, "'statements of mere belief' in an affidavit must be disregarded." Id. at 1200. Where a declaration does not set forth the basis for the affiant's personal knowledge, the court "can only conclude that [the] assertions are inadmissible[.]" Gen. Capital Corp., 986 F. Supp. 2d at 1041.

As the party moving for an Order compelling production, Plaintiffs have the burden to prove that additional documents exist that should have been produced or that documents were destroyed. See, e.g., United States v. Cameron-Ehlen Grp., Inc., Case no. 13-cv-3003, 2020 U.S.

5

Dist. LEXIS 253085, at *24 (D. Minn. July 10, 2020) ("[I]t is nearly axiomatic that the moving party, at least initially, bears the burden.") (internal citation omitted); see also Bernholt v. Allen, 8:19CV419, 2021 U.S. Dist. LEXIS 126489, at *12 (D. Neb. July 7, 2021) (recognizing that plaintiffs have the burden to prove that defendants "intentionally destroyed relevant evidence"). Plaintiffs did not offer any evidence from which the Court could reach that conclusion. For example, Plaintiffs did not cite any testimony of Werner witness who referenced documents that have not been produced. Instead, Mr. Doty simply reviewed Werner's business records and made his own unsupported conclusions that certain audit trail data entries are "missing." Mr. Doty's Declaration does not set forth the basis for his alleged knowledge regarding the contents of Werner's business records and Plaintiffs have not provided any evidence from which this Court could conclude that Mr. Doty, the attorney for an opposing party, has foundation to opine on what should or should not be in Werner's business records. Because Mr. Doty does not have foundation to make those statements, Plaintiffs have no evidence to support their request for an Order compelling production of additional documents.

Plaintiffs seek to avoid their evidentiary failing by arguing, without authority, that the Court should accept Mr. Doty's speculation because Werner did not offer contrary evidence refuting each and every speculative statement made by Mr. Doty. Contrary to Plaintiffs' argument, Werner appropriately objected to Plaintiffs' evidence on the grounds that it was inadmissible and lacked foundation. (Filing Nos. 220-221). Because Mr. Doty's statements are inadmissible, those statements cannot be considered in support of Plaintiffs' Motion. See, e.g., Gen. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029, 1041 (N.D. Iowa 2013) (refusing to rely on inadmissible statements contained in a supporting affidavit and finding the moving party failed to meet its burden of proof because the affidavit offered in support of a motion for summary judgment provided no explanation regarding how the affiant had personal knowledge of the statements contained in the affidavit). Plaintiffs cite no authority holding that a Court may consider inadmissible evidence offered by the moving party simply because the other party did not offer evidence in opposition. To the contrary, the opposing party does not have *any* burden of proof unless the moving party first meets its burden. See, e.g., Kendle v. Whig Enterprises, LLC, Civil Action 2:15-cv-1295, 2016 U.S. Dist. LEXIS 30266, at *12 (S.D. Ohio 2016) (denying, in part, an *unopposed* motion to compel because "**plaintiff may not successfully move to compel discovery on the basis of a mere suspicion that the producing party possesses additional**

**information that it has failed to disclose**.") (emphasis added); Maker's Mark Distiller v. Spalding Grp., No. 3:19-CV-00014-GNS-LLK, 2021 U.S. Dist. LEXIS 98166, at *8-9 (W.D. Ky. Apr. 20, 2021) (denying plaintiff's motion to compel the defendant to conduct a new search for responsive documents and reasoning that the non-moving party had no burden of proof where the moving party presents only speculation and conjecture to support its argument that additional documents exist); see also Metcalf v. Ross, No. 19 C 4623, 2021 U.S. Dist. LEXIS 77599, at *6-7 (N.D. Ill. Apr. 22, 2021) (internal citations omitted) ("Courts *do not accept mere speculation* in a vague motion to compel" and instead "have required *the moving party* to make out of case for more discovery") (emphasis added). Consistent with that case law, Plaintiffs did not meet their initial burden of proof by offering only Mr. Doty's speculative statements and Werner had no obligation to respond to Mr. Doty's baseless accusations, other than by pointing out his obvious lack of personal knowledge. See, e.g., Gen. Capital Corp, 986 F. Supp. 2d at 1041. The Court should grant Werner's Motion to Strike the referenced portions of Mr. Doty's Declaration.

    **C.    Werner's Discovery Responses Refute Mr. Doty's Unfounded Speculation regarding the Audit Trail Data.**

Although Werner has no obligation to specifically refute each and every one of Mr. Doty's inadmissible statements, Werner *has* provided explanations of its audit trail data that refute Mr. Doty's unsupported statements. For example, Werner categorically denied it has destroyed or deleted evidence and, to the contrary, has represented that its discovery productions have been complete and correct to the best of Werner's and its counsel's knowledge. (See, e.g., Filing 222-2, Ex. J to McGill Decl. at Page ID # 2125- # 2133). As courts in this circuit have recognized, "[a]n attorney's signature on a discovery response is not a mere formality; rather, it is a representation to the court that the discovery is complete and correct at the time it is made." Storeworks Techs. v. Aurus, Inc., No. 19-cv-1527, 2020 U.S. Dist. LEXIS 259925, at *9-10 (D. Minn. Dec. 23, 2020), citing EEOC v. M1 5100 Corp., No. 19-cv-81320, 2020 WL 3581372, at 3 (S.D. Fla. July 2, 2020). See also Catholic Mut. Relief Soc'y Am. v. Arrowrood Indem. Co., No. 17-cv-3141, 2019 U.S. Dist. LEXIS 175853, at *8 (D. Minn. May 24, 2019) ("When responding to requests for production, producing attorneys are required to certify their Rule 34 responses by signing the responses themselves; thereby certifying that the responses are complete and thorough.").

Werner has provided extensive explanations regarding the audit trail data entries at issue in Mr. Doty's Declaration. (Filing 222-2, Ex. J to McGill Decl. at Page ID # 2125- # 2133). For example, Werner explained the following in discovery responses, all of which refute Mr. Doty's speculative accusations regarding the completeness of Werner's discovery responses:

- There are no separate documents associated with a "Case" or the entries in the audit trail data referring to a "CaseRecord;"
- There are no actual messages or other documents associated with the term "Messages" in the audit trail data;
- There are no separate documents associated with the term "Work Item" in the audit trail data;
- There are no separate documents for certain internal notifications sent to recruiters in the recruiting system; and
- There are no separate documents associated with the term "Driver Item" in the audit trail data.

(Filing 222-2, Werner's Responses to the EEOC's Sixth Set of Requests for Production of Documents at Page ID # 2125-2133). Because Mr. Doty completely ignored Werner's discovery responses when speculating that documents or data are "missing," his Declaration does not "accurately describe" what the audit trail data "appear[s] to show," as Plaintiffs incorrectly argue.

Plaintiffs' argument that the contents of the audit trail data is "clear on their[sic] face" is also incorrect because the audit trail data contains technical jargon with meanings specific to Werner's database. For example, although Mr. Doty seizes on the fact that certain audit trail entries reference "Messages," Werner previously explained in written discovery responses that "[t]he term 'Messages,' as used in the recruiting database, is the database's internal method of showing an action has been taken on an applicant's application[,]…[and] there are no actual messages or other documents associated with those entries in the audit trail data." (Filing 222-2, Ex. J to McGill Decl. at Page ID # 2127).

For the same reasons, Plaintiffs are just wrong when they argue Werner does not dispute there are "missing" documents and data for certain applicants. Plaintiffs' claims of "missing" documents or data is based on Mr. Doty's unsubstantiated assumptions about the audit trail data to which Werner specifically objected and moved to strike. Plaintiffs have no admissible evidence to support their speculative assertion that certain entries in the audit trail data reference

8

"missing" documents. Werner has already explained the terms to which Plaintiffs cite in its discovery responses and has confirmed that those entries do not reference actual documents. (Filing 222-2, Ex. J to McGill Decl. at Page ID # 2125- # 2133).

Plaintiffs could have deposed a Werner witness regarding Werner's records but did not do so. Plaintiffs now claim it was "reasonable" to wait on taking such a deposition but provide no explanation for why they instead chose to lodge baseless accusations against Werner and its counsel about "extreme malfeasance and dishonesty;" "lies, hidden or destroyed discovery, etc.;" and "discovery obstructionism" without any facts to support those accusations. (Filing 209, Recording, at 29:17, 30:54; Filing 215-22, Page ID #1372). Rather than obtain additional information through deposition testimony, Plaintiffs chose to make unsupported and inflammatory accusations regarding alleged spoliation by Werner and its counsel without any evidence to support those allegations. In addition, for all the reasons stated in Werner's Brief in Opposition to Plaintiffs' Motion to Compel, deposition testimony regarding the audit trail data for other drivers who are not parties is not relevant to Plaintiffs' claims. Plaintiffs have not identified any allegedly "missing" data for Victor Robinson or Andrew Deuschle, the *only* drivers on whose behalf the EEOC and Intervenor seek damages, so deposition testimony regarding audit trail data for other drivers is neither relevant nor necessary. The Court should strike the referenced portions of Mr. Doty's Declaration.

### D. Mr. Doty's Speculation about the Accessibility of Werner's Audit Trail Data Is Not Admissible.

Mr. Doty's unfounded speculation that Werner's audit trail data is "reasonably accessible" likewise lacks foundation and is inadmissible because Mr. Doty provides no explanation for how he knows Werner's data is "reasonably accessible." See Gen. Capital Corp., 986 F. Supp. 2d at 1041 (refusing to consider an affidavit offered by the moving party that contained no explanation for how the affiant had personal knowledge of the statements in the affidavit); Stevens, 561 F. Supp. 2d at1231 (D. Kan. 2008) (an affidavit is *inadmissible* if the witness could not have actually perceived or observed that which he testifies to"); Argo, 452 F.3d at 1199 ("'statements of mere belief' in an affidavit must be disregarded.").

Plaintiffs incorrectly argue that Werner failed to offer facts showing its audit trail data is *not* reasonably accessible. Contrary to Plaintiffs' argument, Werner offered sworn Declarations from members of its IT department, detailing the monumental efforts expended on discovery in

9

this case by Werner. (See Filing Nos. 222-4 and 222-5). Whether information is "reasonably accessible" depends upon the totality of the circumstances, including factors such as the time and expense required for production and legal fees to review the data for production. Duhigg v. Goodwill Indus., No. 8:15CV91, 2016 U.S. Dist. LEXIS 126791, at *8 (D. Neb. Sep. 16, 2016). Werner has produced evidence of the significant time and money already expended on the production of documents in this case. (See Filing 222-2, Declaration of Sarah L. (Sally) McGill at ¶¶6, 37-38; Filing 222-4, Declaration of Brett Ramsey; Filing 222-5, Declaration of Chris Fullinfaw).

This evidence supports a finding that further data production is neither reasonably accessible nor proportional to the needs of the case, particularly in light of the limited relevance of the information sought to the claims alleged, which must be considered when determining whether a request is proportional to the needs of the case. (See Filing 222-2, Declaration of Sarah L. (Sally) McGill at ¶¶6, 37-38; Filing 222-4, Declaration of Brett Ramsey; Filing 222-5, Declaration of Chris Fullinfaw). See Duhigg, 2016 U.S. Dist. LEXIS 126791, at *8 (data was not reasonably accessible in light of the time and expense that would be required to produce the data, including legal fees to review the data for production); Abarca v. Werner Enters., No. 8:14CV319, 2021 U.S. Dist. LEXIS 189801, at *36 (D. Neb. Sep. 30, 2021) (request for complaints made by individual employees over a 10-year period was not proportional to the needs of case considering the undue burden of searching for the documents and the limited relevance of those documents to the defenses in the case). To the extent Plaintiffs vaguely assert unidentified documents or data are "missing," they have not offered any admissible evidence to support this speculation. To the extent Plaintiffs seek specific documents regarding other drivers, Plaintiffs have not made any showing of why the additional documents are relevant and, for the reasons stated in Werner's Brief in Opposition to Plaintiffs' Motion to Compel, case law makes clear that information about other drivers is not relevant to their claims and is not discoverable in this case. (See generally Filing 223, pp. 17-21; Filing 225 (providing no explanation for why the documents they seek are relevant)). See also, e.g., EEOC v. CRST Van Expedited, Inc., 679 F.3d 657 (8th Cir. 2012) (stating that the EEOC could not conduct discovery regarding claims or persons not included in the pre-suit conciliation effort and charges of discrimination); Metcalf v. Ross, No. 19 C 4623, 2021 U.S. Dist. LEXIS 77599, at *6-7 (N.D. Ill. Apr. 22, 2021) (denying motion to compel where "speculation is all we have here" because the plaintiff "offer[ed] nothing

even to suggest what she is seeking exists, or is proportional to the needs of the case or, in some instances, is even relevant"). Werner's Motion to Strike the referenced portions of Mr. Doty's Declaration should be granted.

### E. Plaintiff's Counsel's Conduct Calls Into Question the Validity of Plaintiffs' Statements and Arguments to the Court.

Plaintiffs' counsel's cavalier attitude toward the truth and unfounded arguments are consistent with a concerning pattern of behavior by Mr. Doty throughout this case - a fact which Plaintiffs do not even attempt to dispute in their Briefs. In their recent filings, Plaintiffs do not address Mr. Doty's conduct or the Eighth Circuit's holding in EEOC v. CRST Van Expedited, Inc., much less attempt to distinguish their conduct here from the conduct of the EEOC in that case, which the Eighth Circuit deemed sanctionable. See EEOC v. CRST Van Expedited, Inc., 679 F.3d 657 (8th Cir. 2012) (affirming over $4 million in sanctions for the EEOC's frivolous and abusive discovery tactics, including its attempt to investigate claims in discovery that were not included in the reasonable cause determination).

In a similar vein, Plaintiffs incorrectly argue – without any legal support – that Werner has an obligation to produce documents in response to discovery requests to which Werner objected. Plaintiffs completely ignore (or at least fail to mention) the fact that Werner's objections were not overruled. Although Werner engaged in good faith compromise negotiations with Plaintiffs, the case law in this District makes clear that compromises made during discovery discussions do not waive a defendant's objections to overbroad discovery requests. Heim v. BNSF Ry. Co., No. 8:13CV369, 2014 U.S. Dist. LEXIS 171009, at *23 (D. Neb. Dec. 9, 2014) (the defendant's compromise, "made during discovery discussions, did not waive the [defendant's] objection to the plaintiff's discovery requests as facially overbroad."). Plaintiffs ignore this case law. See also Fed. R. Civ. P. 26(e)(1)(A) (limiting the duty to supplement to a "party *who has responded to* an interrogatory or a request for production" if the party "learns that in some material respect the disclosure or response is incomplete or incorrect") (emphasis added).

Plaintiffs also incorrectly argue Werner failed to properly substantiate its objections. Plaintiffs' argument ignores the fact that in this District, "[a] party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support" to raise and stand on its objections. Heim, 2014 U.S. Dist. LEXIS 171009, at *21 (D. Neb. Dec. 9, 2014); Carlton v.

11

Union Pac. R.R., No. 8:05CV293, 2006 U.S. Dist. LEXIS 56642, at *13 (D. Neb. Aug. 1, 2006) (internal citations omitted). Plaintiffs are also just wrong because Werner provided specific and detailed explanations of the basis for its objections when it explained that, in order to respond to Plaintiffs' voluminous discovery requests, Werner would have to conduct a monumental search into each and every one of the approximately 950,000 application submitted to Werner over the 6-year period referenced in Plaintiffs' discovery requests. (See, e.g., Filing 215-4, Werner's Responses to Intervenor's First Set of Requests for Production of Documents, Page ID # 824-825). It was clear from Werner's responses and further communications between counsel that Werner had not undertaken that monumental effort.

Lastly, Plaintiffs falsely argue they had "unequal information" when they entered into the 2019 Discovery Compromise. Contrary to Plaintiffs' unsupported arguments, Werner informed Plaintiffs about (1) the voluminous number of applications it receives on an annual basis; (2) that it is unable to search its Recruiting application except by name, Social Security number, email address, or phone number; and (3) that Werner does not maintain a list of all deaf or hard of hearing applicants or a list of applicants with FMCSA hearing exemptions. (Filing 215-4, Werner's Responses to Intervenor's First Set of Requests for Production of Documents, Page ID # 824-825). In light of that information, and Werner's objection that the documents requested regarding other drivers were not relevant to Plaintiffs' claims, the parties mutually agreed to compromise on a narrowed request for information regarding certain documents for certain drivers on the FMCSA List. Plaintiffs did not have "unequal information" from which to negotiate discovery disputes, as they falsely claim.

### III. CONCLUSION

For the reasons stated herein and those set forth in Werner's Brief in Support of Motion to Strike, Paragraphs 6, 9-10, 13, 16, 45-46, 48, 50-58, 62, 66, 71, 82-83, 96, 99, 103, 106, 112, 114, 118-119, and 123-124 in the Declaration of Grant Doty (Filing No. 215-9), a previously undisclosed witness, lack foundation, contain rampant speculation, and are contrary to documentary evidence produced in the case. Werner requests an order striking the identified Paragraphs in the Declaration of Grant Doty (Filing 215-9) and striking any reference to those portions of his Declaration from Plaintiffs' Motion to Compel and supporting Brief.

DATED this 22nd day of December, 2021.

                                                WERNER ENTERPRISES, INC. and
                                                DRIVERS MANAGEMENT, LLC,
                                                Defendants.

BY:   */s/ Elizabeth A. Culhane*
        Patrick J. Barrett, #17246
        Elizabeth A. Culhane, #23632
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE 68102-2663
        Telephone: (402) 341-6000
        Facsimile: (402) 341-8290
        pbarrett@fraserstryker.com
        eculhane@fraserstryker.com
        ATTORNEYS FOR WERNER
        ENTERPRISES, INC. and DRIVERS
        MANAGEMENT, LLC

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with the word limit set forth in NECIVR 7.1(d) because it contains 4,913 words. The undersigned further certifies that the word-count function of Microsoft Word was applied to include all text, including the caption, headings, footnotes, and quotations.

                                                          */s/ Elizabeth A. Culhane*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District Court of Nebraska using the CM/ECF system on this 22nd day of December, 2021, which system sent notification of such filing to counsel of record:

>Grant R. Doty
>Meredith Berwick
>Equal Employment Opportunity Commission
>Kansas City Area Office
>400 State Avenue, Suite 905
>Kansas City, KS 66101
>grant.doty@eeoc.gov
>meredith.berwick@eeoc.gov
>
>Brian East
>Lia S. Davis
>Disability Rights Texas
>2222 West Braker Lane
>Austin, TX 78758-1024
>beast@drtx.org
>ldavis@drtx.org
>
>Dianne D. DeLair
>Disability Rights Nebraska
>134 South 13th Street, Suite 600
>Lincoln, NE 68508
>Dianne@drne.org

>*/s/ Elizabeth A. Culhane*

2723704.06