IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                          Plaintiff,

and

ANDREW DEUSCHLE,

                  Intervenor Plaintiff,

        vs.

WERNER ENTERPRISES, INC.,

                  Defendant.

**ORDER ON
FINAL PRETRIAL
CONFERENCE**

8:18-CV-00329

A final pretrial conference was held on the 3rd day of May, 2023.  Appearing for the parties as counsel were:

Appearing for Plaintiff:

Meredith S. Berwick, MO Bar No. 64389
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63139
(314) 798-1909
meredith.berwick@eeoc.gov

Joshua M. Pierson, KS Bar No. 29095
Lauren M. Wilson, FL Bar No. 1024850
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, Kansas 66101
(913) 359-1807
joshua.pierson@eeoc.gov
lauren.wilson@eeoc.gov

Appearing for Intervenor Plaintiff:

Brian East, TX Bar No. 06360800
DISABILITY RIGHTS TEXAS

2222 West Braker Lane
Austin, Texas 78758-1024
Phone: (512) 454-4816
beast@drtx.org
Appearing Pro Hac Vice

Lia Sifuentes Davis, TX Bar No. 24071411
UNIVERSITY OF TEXAS SCHOOL OF LAW
727 East Dean Keeton Street
Austin, TX 78705
Phone: (512) 232-7222
Lia.davis@law.utexas.edu
Appearing Pro Hac Vice

Appearing for Defendant:

Patrick J. Barrett, NE Bar No. 17246
Elizabeth A. Culhane, NE Bar No. 23632
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Phone: (402) 341-6000
pbarrett@fraserstryker.com
eculhane@fraserstryker.com

(A)     Exhibits.  See attached Exhibit Lists.

(B)     Uncontroverted Facts.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. This Court has jurisdiction over the parties and venue is proper.

2. Werner is a motor carrier engaged in transporting truckload shipments of commodities in interstate and intrastate commerce throughout the United States.

3. Andrew Deuschle applied to work as an interstate truck driver for Werner Enterprises, Inc. in March 2015.

4. Werner did not hire Andrew Deuschle as a driver in 2015.

5. Werner employed over 500 employees during the entire time from January 1, 2014 to the present.

6. Andrew Deuschle is deaf.

2

7. Deuschle had a disability as that term is defined in the ADA at the time that he applied to Werner.

8. Andrew Deuschle attended Amarillo College's Truck Driving Academy.

9. The Federal Motor Carrier Safety Administration (FMCSA) is an agency in the United States Department of Transportation that regulates the trucking industry in the United States.

10. The only part of its truck driving job that Werner claims Andrew Deuschle could not perform, with or without accommodation, at the time he applied to Werner is the trainer-observed over-the-road component of its student driver program (now known as the "placement driver program"), where a trainer rides along with a student driver for observation and training.

(C)     Controverted and Unresolved Issues.  The issues remaining to be determined and unresolved matters for the court's attention are:

1. Whether Werner failed to hire Andrew Deuschle on the basis of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a).

2. Whether Werner failed to make reasonable accommodation to Andrew Deuschle's known physical limitations and/or failed to hire him based on Werner's need to make reasonable accommodation to Deuschle's deafness in violation of the Americans with Disabilities Act, 42 U.S.C. §12112(b)(5).

3. Plaintiffs' position is that whether Werner's Deaf Recruitment Policy illegally "classif[ies]" job applicants because of disability "adversely affect[ing] the opportunities or status of such applicant[s]" relative to non-disabled applicants in facial violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(1) is unresolved. It is Werner's position that this is an issue of law to be decided by the Court.

4. It is Defendant's position that the issue of whether the EEOC's claim alleged in Count III of the Amended Complaint is moot because Werner discontinued use of the internal hiring guideline attached as Exhibit 2 to the EEOC's Amended Complaint is unresolved. It is Plaintiff-EEOC's position that whether Werner has permanently discontinued use of the internal hiring guideline remains unresolved and that Werner's

3

discontinued use of its internal hiring guideline is not dispositive on the issue of mootness.

5.  It is Plaintiffs' position that the issue of whether the trainer-observed over-the-road component of Werner's student driver program is an essential function of the truck driver job is unresolved. It is Defendant's understanding, based on the Court's March 31, 2023, Memorandum and Order, that this issue is not in dispute. (See Filing 292, Memorandum and Order, Page ID # 4507).

6.  It is Defendant's position that whether Andrew Deuschle could safely perform the trainer-observed over-the-road component of Werner's placement driver program with or without reasonable accommodation is unresolved.  It is Plaintiffs' position that the issue of whether Andrew Deuschle could perform the trainer-observed over-the-road component with or without reasonable accommodation is unresolved.

7.  Whether Deuschle was a qualified individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of the position, at the time he was not hired.

8.  It is Defendant's position that whether Werner's decision not to hire Deuschle was motivated by reasons other than Deuschle's alleged disability is unresolved. It is Plaintiffs' position that Defendant could have been motivated by more than one reason and still have violated the ADA.

9.  It is Defendant's position that whether Werner would have taken the same action or reached the same decision regarding Deuschle's application regardless of whether Deuschle had an alleged disability or not is at issue. It is Plaintiffs' position that Defendant could have been motivated by more than one reason and still have violated the ADA.

10. It is Defendant's position that whether Werner's actions were for legitimate non-discriminatory reasons taken out of business necessity is an unresolved issue. It is Plaintiffs position that this analysis is not appropriate for trial and also contend that if Werner's position is that the over-the-road training is an essential function and not a qualification standard, then business necessity is irrelevant.

11. It is Defendant's position that whether Werner acted in good faith and without discriminatory motive and had reasonable grounds for believing that its alleged acts

4

or omissions were not a violation of law is unresolved. It is Plaintiffs' position that this is not an issue in this case.

12. It is Defendant's position that whether all decisions made by Werner regarding Deuschle's employment were based on reasonable, lawful, and non-discriminatory factors is unresolved. It is Plaintiffs' position that this is not an issue in this case.

13. It is Defendant's position that whether the practice alleged to be discriminatory is justified by a bona fide occupational qualification, in that Deuschle could not perform the duties of the position of student driver in a safe and efficient manner, and the essence of Werner's business operation would therefore be undermined if Werner were required to employ Deuschle is unresolved. It is Plaintiffs' position that there is no bona fide occupational qualification defense to an ADA claim, and also contend that if Defendant's position is that the over-the-road training is an essential function, then BFOQ—or any rough analog to BFOQ—is irrelevant.

14. It is Defendant's position that whether Plaintiff and Intervenor's claims are barred because of Werner's compliance with relevant underlying law(s) is unresolved. It is Plaintiffs' position that this is not an outstanding issue for the Court.

15. It is Defendant's position that whether Plaintiff and Intervenor's failure-to-hire claim related to Deuschle's application(s) for employment, or some of them, are barred by the applicable statute of limitations is unresolved. It is Plaintiffs' position that this is not an outstanding issue for the Court.

16. It is Defendant's position that whether Deuschle has failed to mitigate or make reasonable attempts to mitigate his alleged damages, if any, and, if so, the period of time during which he is eligible for back pay or compensatory damages is unresolved. It is Plaintiffs' position that there is a contested issue as to whether Andrew Deuschle failed to mitigate back pay and benefits.

17. Whether Plaintiffs' forthcoming motions in limine should be sustained.

18. Whether Defendants' forthcoming motions in limine should be granted.

19. Whether Defendants' Motion for Reconsideration should be sustained.

20. Whether Andrew Deuschle is entitled to back pay and, if so, in what amount.

21. Whether Andrew Deuschle is entitled to compensatory damages and, if so, in what amount.

22. Whether punitive damages are appropriate and, if so, in what amount.

23. Whether to order equitable or injunctive relief and the nature and scope of such relief, if any.

24. It is Defendant's position that whether and in what amount to award the prevailing party costs and attorneys' fees is at issue. It is Plaintiffs' position that the proper issue is whether and in what amount to award the EEOC and Plaintiff-Intervenor Andrew Deuschle costs and attorneys' fees.

25. It is Defendant's position that whether Steven Arndt may testify as an expert and/or may testify to all opinions set forth in his report and rebuttal report is unresolved It is Plaintiffs' position that all issues pertaining to expert admissibility have been determined by the Court.

26. It is Defendant's position that whether Don Olds may testify to all opinions set forth in his report and rebuttal report is unresolved. It is Plaintiffs' position that all issues pertaining to expert admissibility have been determined by the Court.

27. In addition, it is Defendant's position that additional issues remain in dispute, such that Defendant intends to make an offer of proof as to:

    a. Whether Deuschle's condition posed a direct threat to the health or safety of himself or others which could not be eliminated by a reasonable accommodation; and

    b. Whether there was no reasonable accommodation that would have been effective and would not have posed an undue burden on Werner.

    c. Whether any accommodation would cause an undue burden requiring a fundamental alteration in the nature of Werner's services, programs, or activities or undue financial or administrative burdens.

It is Plaintiffs' position that the Court resolved these issues and these issues are no longer in dispute. Plaintiffs' further position is that these issues are inappropriate for offers of proof, as they were decided on summary judgment.

(D)    Witnesses. All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiffs, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Andrew Deuschle – will call
   Surprise, AZ

2. Matthew Deuschle – will call
   Kansas City, Kansas

3. Scott Hollenbeck – will call
   Werner Enterprises, Inc.
   14507 Frontier Road Omaha, NE 68183

4. Christopher Hilkemann (Crete Carrier Corporation 30(b)(6)) – will call
   400 NW 56th Street
   Lincoln, NE 68528

5. Lathen Whited (Covenant Transport 30(b)(6)) – will call
   400 Birmingham Highway
   Chattanooga, TN 37419

6. Clarence Easterday, Jr. (Western Express 30(b)(6)) – will call
   7135 Centennial Pl.
   Nashville, TN 37209

7. Lindsay Wilbert (Swift Transportation 30(b)(6)) – will call
   2390 E Camelback Rd.
   Phoenix, AZ 85016

8. Wayne Cedarholm (CR England 30(b)(6)) – will call
   15 West South Temple, Suite 600
   Salt Lake City, UT 84101

9. Donald Wayne Gibbs – will call
   Werner Enterprises, Inc.
   14507 Frontier Road Omaha, NE 68183

10. Jaime Maus – may call
    Werner Enterprises, Inc.
    14507 Frontier Road Omaha, NE 68183

11. Ben Pile – will call
    Werner Enterprises, Inc.
    14507 Frontier Road Omaha, NE 68183

12. Chad Rivedal – will call
    Werner Enterprises, Inc.
    14507 Frontier Road Omaha, NE 68183

13. Erin Marsh – will call
     Werner Enterprises, Inc.
     14507 Frontier Road Omaha, NE 68183

14. Dale Hunt – will call
     Werner Enterprises, Inc.
     14507 Frontier Road Omaha, NE 68183

15. Victor Robinson – will call (Defendant will be filing a motion in limine regarding this witness.)
     Kinder, LA

16. Steve Arndt, PhD – will call
     21720 W. Long Grove Road, Suite C 241
     Deer Park, IL 60010

17. Don Olds – will call
     6500 Country Road 48
     Anson, TX 79501

18. Nathan Adams, PhD – will call
     Washington State Institute for Public Policy
     110 5th Ave. SE, Suite 214
     Olympia, WA 98501

19. All persons needed to lay the foundation for any exhibit.

20. Any person identified by Defendant.


 [List names and addresses of all persons who will testify in person only. Residential addresses must be listed by city and state only. The parties' witness lists shall identify those witnesses each party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, any witness whose testimony is intended to be offered solely to establish foundation for an exhibit for which foundation has not been waived.]

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.    Intervenor Andrew Deuschle - Will Call

2.    Jaime Maus, 14507 Frontier Road, Omaha, NE 68138 - Will Call

3.    Scott Hollenbeck, 14507 Frontier Road, Omaha, NE 68138 - Will Call

8

4.      Dale Hunt, 14507 Frontier Road, Omaha, NE 68138 - May Call

5.      Rich Johnson, 14507 Frontier Road, Omaha, NE 68138 - May Call

6.      Donny Gibbs, New Braunfels, Texas - May Call

7.      Chad Rivedal, 14507 Frontier Road, Omaha, NE 68138 - May Call

8.      Erin Marsh, 14507 Frontier Road, Omaha, NE 68138 - May Call

9.      Ben Pile, 14507 Frontier Road, Omaha, NE 68138 - May Call

10.     Brett Ramsey, 14507 Frontier Road, Omaha, NE 68138 - May Call

11.     All persons needed to lay the foundation for any exhibit.

12.     Any person identified by Plaintiff EEOC.

13.     Any person identified by Intervenor Andrew Deuschle

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)     Expert Witnesses' Qualifications.   Experts to be called by plaintiffs and their qualifications are:

1.      Dr. Nathan Adams, CV Attached

2.      Don D. Olds, Qualifications Attached

3.      Dr. Steven Arndt, CV Attached

[Set out the qualifications of each person expected to be called as an expert witness.  A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

Experts to be called by defendant and their qualifications are:

1.      William C. Adams. A copy of Mr. Adams' Curriculum Vitae, detailing his qualifications, is attached.

(F)     Voir Dire.  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.1 and suggest the following with regard to the conduct of juror examination:

Defendant requests that each side be given one hour to question potential jurors.

Plaintiffs request two hours to conduct voir dire on behalf of the Plaintiffs.

In addition, each party may submit a proposed list of questions to be asked by the Court for the Court's consideration no later than May 26, 2023.

(G)     Number of Jurors.  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1. Plaintiffs suggest that this matter be tried to a jury composed of __8__ members; Defendant suggests that this matter be tried to a jury composed of 12 members.

(H)     Verdict.  The parties will not stipulate to a less-than-unanimous verdict.

(I)     Briefs, Instructions, and Proposed Findings.   Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and verdict forms shall be filed five (5) working days before the first day of trial, i.e., on or before May 26, 2023.

(J)     Deposition Designations. The parties shall exchange deposition designations by May 10, 2023, counter-designations and objections to designations by May 17, 2023 and objections to  counter-designations by May 24, 2023.

(K)     Length of Trial.  Counsel estimate the length of trial will consume not less than __5__ day(s), not more than __5__ day(s), and probably about __5__ day(s).

(L)     Trial Date.  Trial is set for _____June 5-9, 2023_____.

(M)     Electronic Devices:
        Brian East, attorney for Intervenor at Disability Rights—Texas, 2222 West Braker Lane, Austin, Texas, shall be allowed to bring in a cell phone.

10

Marisol McNair, Paralegal for Brian East, Disability Rights—Texas, 2222 West Braker Lane, Austin, Texas, shall be allowed to bring in a cell phone, laptop and iPad.

Elizabeth Culhane, Attorney for Defendant at Fraser Stryker Law Firm, 409 S 17th Street, Suite 500, Omaha, Nebraska shall be allowed to bring in a cell phone and iPad.

Colin Thompson, IT person for Elizabeth Culhane, Attorney for Defendant, Fraser Stryker Law Firm, 409 S 17th Street, Suite 500, Omaha, Nebraska shall be allowed to bring in a cell phone, laptop and iPad.

Andrew Aley, IT person for Elizabeth Culhane, Attorney for Defendant, Fraser Stryker Law Firm, 409 S 17th Street, Suite 500, Omaha, Nebraska shall be allowed to bring in a cell phone, laptop and iPad.

Respectfully submitted,

For Plaintiff EEOC:

Meredith S. Berwick, MO Bar No. 64389
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63139
(314) 798-1909
meredith.berwick@eeoc.gov

Joshua M. Pierson, KS Bar No. 29095
Lauren M. Wilson, FL Bar No. 1024850
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, Kansas 66101
meredith.berwick@eeoc.gov
joshua.pierson@eeoc.gov
lauren.wilson@eeoc.gov

For Plaintiff-Intervenor:

Brian East, TX Bar No. 06360800
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
Phone: (512) 454-4816

11

beast@drtx.org
Appearing Pro Hac Vice

Lia Sifuentes Davis, TX Bar No. 24071411
UNIVERSITY OF TEXAS SCHOOL OF LAW
727 East Dean Keeton Street
Austin, TX 78705
Phone: (512) 232-7222
Lia.davis@law.utexas.edu
Appearing Pro Hac Vice

Diane D. DeLair, NE Bar No. 21867
DISABILITY RIGHTS NEBRASKA
134 South 13th Street
Lincoln, NE 68508
Phone: (402) 474-3274
dianne@drne.org

For Defendant:

Patrick J. Barrett, NE Bar No. 17246
Elizabeth A. Culhane, NE Bar No. 23632
Sarah L. (Sally) McGill, NE Bar No. 24790
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Phone: (402) 341-6000
pbarrett@fraserstryker.com
eculhane@fraserstryker.com
smcgill@fraserstryker.com

BY THE COURT:

Susan M. Bazis
United States Magistrate District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| Andrew Deuschle, ) | |
| ) | Plaintiff and Intervenor's |
| Plaintiff-Intervenor ) | LIST OF EXHIBITS |
| ) | |
| v. ) | Case Number:  8:18cv329 |
| ) | Courtroom Deputy: |
| Werner Enterprises, Inc., ) | Court Reporter: |
| ) | |
| Defendant(s). ) | |

Trial Date(s): June 5, 2023-June 9, 2023

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| 1 | | | Werner 000054: 4.7.15 Deuschle and Hunt email | | | | | |
| 2 | | | Werner 000001: Deuschle Application | | | | | |
| 3 | | | Werner 000002: Deuschle Application | | | | | |
| 4 | | | Werner 000003: Deuschle Application Preapproval 2014 | | R, H, O (Rule 403) | | | |
| 5 | | | Werner 000004: 4.24.15 Email from Trucker Grand Central | | R, H, O (foundation) | | | |
| 6 | | | Werner 000005-000006: Application from Trucker Grand Central Inquiry | | | | | |
| 7 | | | Werner 000007: Deuschle Application Preapproval 2015 | | | | | |

| 8 | | | Werner 21757-21758: 2015 Deuschle Preapproval with note | R, H, O (Rule 403) | | | |
|---|---|---|---|---|---|---|---|
| 9 | | | Werner 000008: Deuschle Resume | | | | |
| 10 | | | Werner 000063-000065: 4.8.15 Desuchle and Gibbs emails | R, H | | | |
| 11 | | | Werner 000066-000072: Deuschle and Gibbs emails | H | | | |
| 12 | | | Werner 000061-000062: 4.24.15 Deuschle and Gibbs email exchange | | | | |
| 13 | | | Werner 000055: 4.24.15 Deuschle email | | | | |
| 14 | | | Werner 000049: Deuschle application dashboard | R, H | | | |
| 15 | | | Werner 8353-8361: Deuschle application audit trail | R, H, O (unnecessarily cumulative and likely to cause juror confusion) | | | |
| 16 | | | Werner 000071-000072: Deuschle and Werner Apprentice Team emails 04.24.15-04.28.15 | R, H | | | |
| 17 | | | Werner 000340: Deuschle and Gibbs email exchange 5.5.18 | R, H | | | |
| 18 | | | Werner 000321-000323: Deuschle and Gibbs emails 4.8.15 | R, H | | | |
| 19 | | | Werner 000324-000325: Deuschle and Gibbs emails 4.8.15 | R, H | | | |
| 20 | | | Werner 000326-000327: Deuschle and Gibbs emails 4.8.15 | R, H | | | |
| 21 | | | Werner 000328: Deuschle email to Gibbs | | | | |
| 22 | | | Werner 000329-000330: Deuschle and Gibbs emails 4.23.15 and 4.24.15 | | | | |

| 23 | | | Werner 000331-000335: Deuschle email to Gibbs with attachments 4.27.15 | H, O (foundation) | | | |
|----|--|--|--|--|--|--|--|
| 24 | | | Werner 000336: Deuschle email to Gibbs | | | | |
| 25 | | | Werner 000337-000338: Deuschle and Gibbs emails 4.27.15 Gibbs | | | | |
| 26 | | | Werner 000339: Deuschle, Gibbs and Trout emails 5.5.15 | R, H, O (unnecessarily cumulative and likely to cause juror confusion, appears to be duplicate of Exhibit 17) | | | |
| 27 | | | Werner 000064: Deuschle email to Gibbs 4.8.15 | R, H | | | |
| 28 | | | Werner 000393: Deuschle Application Preapproval | R, H, O (Rule 403, appears to be duplicate of Exhibit 4) | | | |
| 29 | | | Werner 000056-000060: Deuschle emails to Gibbs with attachments 4.24.15 and 4.27.15 | H, O (foundation, unnecessarily cumulative, appears to be duplicate of Exhibit 23) | | | |
| 30 | | | Deuschle 000142-000144: Deuschle and Gibbs emails | R, H, O (foundation, unnecessarily cumulative, appears to be duplicate of Exhibit 10) | | | |
| 31 | | | Werner 000397: Notes on Deuschle application | R, H, O (Rule 403, unnecessarily cumulative, appears to be duplicate of p. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | 2 of Exhibit 8) | | | |
| 32 | | | Deuschle 000149: Deuschle text to Hunt | R, H, O (foundation, Rule 403) | | |
| 33 | | | Deuschle 000156: Deuschle Letter to Review Board | R, H, O (foundation) | | |
| 34 | | | Deuschle 000157: U.S. Certified Mail Receipt | R, H, O (foundation) | | |
| 35 | | | Deuschle 000158: Web Confirmation of Certified Mail Delivery | R, H, O (foundation) | | |
| 36 | | | Werner 000017: Deuschle CDL 2015-2020 | R, O (unnecessarily cumulative, duplicate of p. 3 of Exhibits 23 and 29) | | |
| 37 | | | Werner 000052: Deuschle Driver Certification Card | R, O (unnecessarily cumulative, duplicate of p. 4 of Exhibits 23 and 29) | | |
| 38 | | | Werner 000053; Deuschle 000052-000054 3: Deuschle Medical Examiner's Certificate 8.25.14-8.25.15 | H, O (unnecessarily cumulative, p. 1 is duplicative of p. 5 of Exhibits 23 and 29) | | |
| 39 | | | Deuschle 000009, Deuschle 000013-000015: Deuschle Medical Examiner's Certificate 5.18.15-5.18.17 | H, R, O (unnecessarily cumulative, likely to cause juror confusion, Rule 403) | | |
| 40 | | | EEOC-DRI000446: Deuschle Medical Examiner's Certificate 3.28.17-3.28.19 | H, R, O (unnecessarily cumulative, likely to cause juror confusion, Rule 403) | | |

4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 41 | | | Deuschle 000170: Deuschle Medical Examiner's Certificate 5.29.18-5.29.19 | H, R, O (unnecessarily cumulative, likely to cause juror confusion, Rule 403) | | | |
| 42 | | | Werner 000057: Deuschle Exemption Letter 6.27.14 | H, O (foundation, unnecessarily cumulative, duplicate of p. 2 of Exhibits 23 and 29) | | | |
| 43 | | | 2020.04.23 Crete (Deuschle) p. 149 (response to Werner's subpoena): Deuschle Exemption Letter 3.18.16 | R, H, O (foundation, Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 44 | | | EEOC-DRI000441-442: Deuschle Exemption Letter 5.14.18 | R, H, O (foundation, Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 45 | | | Deuschle 000059-000060: Deuschle 2014-2016 Hearing Exemption | H, O (foundation) | | | |
| 46 | | | Deuschle 000168: Deuschle 2016-2018 Hearing Exemption | R, O (Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 47 | | | Deuschle 000169: Deuschle 2018-2020 Hearing Exemption | R, O (Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 48 | | | EEOC-DRI000304: Deuschle Arizona CDL 12.10.19-12.10.24 (copy of license only) | R, O (Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 49 | | | EEOC-DRI000445: Deuschle Texas CDL 8.24.16-8.31.20 (copy of license only) | R, O (Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 50 | | | 2020.04.23 Crete (Deuschle) pp. 12-25 (response to Werner's subpoena) | R, H, O (foundation, Rule 403) | | | |
| 51 | | | Deuschle 000046: Crete Carrier Letter to Deuschle | R, H, O (foundation, Rule 403) | | | |
| 52 | | | Deuschle 000047: Crete Carrier 1 Year Safe Driving Award Accident Free | R, H, O (foundation, Rule 403) | | | |
| 53 | | | Deuschle 000048: Crete Carrier 1 Year Safe Driving Award Accident Free | R, H, O (foundation, Rule 403) | | | |
| 54 | | | Deuschle 000065: National Safety Council Completion Record DDC Professional Truck Driver | R, H, O (foundation, Rule 403, best evidence rule) | | | |
| 55 | | | Deuschle 000066: Amarillo College Diploma | R, H | | | |
| 56 | | | Deuschle 000067: The Forklift Workshop Completion Certificate | R, H | | | |
| 57 | | | Deuschle 000068: Amarillo College Final Grade Sheet | R, H | | | |
| 58 | | | Deuschle 000070: Post from Amarillo College | R, H, O (foundation, Rule 403, unnecessarily cumulative) | | | |
| 59 | | | Werner 000073-000302: Werner Driver Handbook 2014.10 | R, O (unnecessarily cumulative and likely to cause juror confusion | | | |

6

| | | | | to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
|---|---|---|---|---|---|---|---|
| 60 | | | Werner 8395: Morbach and Hunt emails 10.28.13 | R, H, O (foundation, Rule 403) | | | |
| 61 | | | Werner 8392: Breland and Hunt emails 6.12.14 | R, H, O (foundation, Rule 403) | | | |
| 62 | | | Werner 000385-000417: 12.3.15 Werner Position Statement with exhibits | R, H, O (foundation, Rule 403, unnecessarily cumulative and likely to cause juror confusion) | | | |
| 63 | | | Werner 000041: OTR driver position description | | | | |
| 64 | | | Werner 001295: Co-driver training hour matrix | | | | |
| 65 | | | Werner 851_001-851_002: FMCSA Waiver & Accommodations | R, O (Rule 403) | | | |
| 66 | | | Werner 850_001-850_002: FMCSA/MCSA-5870 Process | R, O (Rule 403, should be offered for consideration by the Court only, if at all, because this document is only relevant to Plaintiff EEOC's Count III, which presents an issue of law for the Court) | | | |
| 67 | | | Werner 000843: Driver Hiring Guidelines | R, O (Rule 403) | | | |

| 68 | | | Werner 000865_001-000865_003: Working a Driver's File | R, O (Rule 403) | | | | |
| 69 | | | Werner 8433: Chat log 3.30.18 (13 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 70 | | | Werner 8469: Chat log 11.21.18 (4 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 71 | | | Werner 8432: Chat log 4.20.18 (9 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 72 | | | Werner 8482: Email chain with Erin Marsh et al. 5.8.18-5.9.18 (3 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 73 | | | Werner 8430: Chat log 11.27.18 (3 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 74 | | | Werner 8429: Chat log 1.22.18 (9 pages) | R, H, O (Foundation, Rule 403) | | | | |
| 75 | | | Werner 00575-00589: Blank Werner Driver Application | R | | | | |
| 76 | | | Werner 855_001-855_004: Pass/Reject Rules | R, O (Rule 403) | | | | |
| 77 | | | Werner 867_001-867_018: Reviewing a Qualified File for Final | R, O (Rule 403) | | | | |
| 78 | | | Werner 860_001-860_003: Route/Copy/Pend | R, O (Rule 403) | | | | |
| 79 | | | Werner 000457-000458: 3.30.16 emails between EEOC investigator and Werner's counsel | R, H, O (Foundation, Rule 403, likely to cause juror confusion) | | | | |
| 80 | | | Werner 000318-000343: Werner response to EEOC RFI 6.27.16 | R, H, O (foundation, Rule 403, unnecessarily cumulative, likely to cause | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 81 | | | Werner 000305-000314: Werner Response to EEOC RFI 3.1.16 | R, H, O (foundation Rule 403, unnecessarily cumulative, likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 82 | | | Werner 000349-000384: Werner Response to EEOC RFI 10.25.16 | R, H, O (foundation, Rule 403, unnecessarily cumulative, likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 83 | | | Werner 000857: Referring to Driving Schools (3 pages) | R, O (foundation, Rule 403) | | | |
| 84 | | | Werner 001301: Pre-approval Statement | R, O (Rule 403) | | | |
| 85 | | | Werner 8403: 1.21-1.22.18 Rambin/Hunt/Snyder email exchange | R, H, O (foundation, Rule 403) | | | |
| 86 | | | Werner 21721-21723, 021012-021021: Floyd McLain application and audit trail | R, H, O (foundation, Rule 403, likely to cause juror | | | |

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | confusion) | | | |
| 87 | | | Werner 20869, 021601-021603: Samuel Fernandez application and audit trail | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 88 | | | Werner 21502-21507, 021173: Alexis Fernandez application and audit trail | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 89 | | | Werner 22289-22302, 021204-021211: John Burley application and audit trail | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 90 | | | Werner 20846; 008142-008154: Russell Smith Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 91 | | | Werner 21320-21371: Russell Smith application audit trail | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 92 | | | Werner 008529: Tammy Helms et al. emails | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 93 | | | Werner 21409-21417: David Presley Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 94 | | | Werner 007857-007859: Jerry Jones Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |

| 95 | | | Werner 008155-008158: Samuel Sherman Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 96 | | | Werner 007746-007757: Ervin Mitchell Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 97 | | | Werner 007884-007931: Juan Sloan Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 98 | | | Werner 21740-21746: Albert Foster Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 99 | | | Werner 21005-21007: Albert Foster Application audit trail | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 100 | | | Werner 007738-007742: Eduwin Pineiro Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 101 | | | Werner 007763-007783: Gerson Ramirez Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 102 | | | Werner 007628-007639: Conley Bowling Application | R, H, O (foundation, Rule 403, likely to cause juror confusion) | | | |
| 103 | | | Werner 007839-007850: Jason Thomas Application | R, H, O, Rule 403, likely to cause juror confusion) | | | |

| 104 | | | Defendant's Answers to EEOC' First Set of Interrogatories 4.24.19 | | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 105 | | | Defendants' Supplemental Responses to EEOC's First Set of Interrogatories 9.27.19 | | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 106 | | | Defendants' Second Supplemental Responses to EEOC's First Set of Interrogatories 11.26.19 | | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 107 | | | Defendants' Answers to EEOC's Second Set of Interrogatories 12.9.19 | | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |

| 108 | | | Defendants' Supplemental Answers to EEOC's Second Set of Interrogatories 1.17.20 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 109 | | | Defendant's Answers to EEOC's Fourth Set of Interrogatories 3.27.20 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 110 | | | Defendant's Supplemental Answers to EEOC's Fourth Set of Interrogatories 4.23.20 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document). | | | |
| 111 | | | Defendants' Answers to EEOC's Fifth Set of Interrogatories 6.8.20 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 112 | | | Defendants' Supplemental Answers to EEOC's Fifth Set of Interrogatories 7.10.20 | R, O (Rule 403, unnecessarily cumulative and/or likely to | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | | |
| 113 | | | Defendants' Responses to EEOC's First Set of Requests for Admissions 12.10.19 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | | |
| 114 | | | Defendant's Supplemental Responses to EEOC's First Set of Requests for Admissions 1.17.20 | O (Rule 403, unnecessarily cumulative and likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document). | | | | |
| 115 | | | Defendant's Answers to Intervenor's First Interrogatories 4.19.19 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | | |
| 116 | | | Defendant's Supplemental Answers to Plaintiff Intervenor's First Set of Interrogatories 9.27.19 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor | | | | |

14

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | intend to offer the entire document) | | | |
| 117 | | | Defendant's Second Supplemental Answers to Plaintiff Intervenor's First Set of Interrogatories | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 118 | | | Defendant's Third Supplemental Answers to Plaintiff Intervenor's First Set of Interrogatories 4.23.20 | | | | |
| 119 | | | Defendant's Answers to Plaintiff Intervenor's Second Set of Interrogatories 3.7.20) | | | | |
| 120 | | | Defendant's Responses to Plaintiff Intervenor's First Set of Requests for Admissions 4.19.19 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |
| 121 | | | Defendant's Supplemental Responses to Plaintiff Intervenor's First Set of Requests for Admissions 9.27.19 | R, O (Rule 403, unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |

15

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 122 | | | Defendant's Supplemental Response to Plaintiff Intervenor's First Set of Requests for Admissions (No. 22) 11.25.19 | | R, O (Rule 403, likely to cause juror confusion) | | |
| 123 | | | Dr. Arndt 10.9.19 inspection IMG_5576-IMG_5586 | | R, H, O (Rule 403, Foundation, likely to cause juror confusion) | | |
| 124 | | | Dr. Arndt 10.9.19 inspection MVI_5587 | | R, H, O (Rule 403, Foundation, likely to cause juror confusion) | | |
| 125 | | | Dr. Arndt 11.22.19 inspection IMG_5589-IMG_5606 | | R, H, O (Rule 403, Foundation, likely to cause juror confusion) | | |
| 126 | | | Dr. Arndt 11.22.19 inspection GB020024 and GB40024 | | R, H, O (Foundation) | | |
| 127 | | | Dr. Arndt 12.9.19 inspection GF010038, GF010040, GF020038, GF020040, GF030038, GF030040, GF040038, GF040040, GF050038, GF050040, GF060038, GF060040, GF070040, GPFR0038 and GPFR0040 | | R, H, O (Foundation, Rule 403, likely to cause juror confusion) | | |
| 128 | | | Dr. Arndt 1.18.20 inspection GB020253, GB030250, GB030251, GB030252, GB040250, GB040251, GB050250, GB060250, GB070251, GB080250, GB090250, GB090251, GB100250, GB100251, GB110250, GB120250, GB120251, GB130250, GB130251, GB140250, GB180251, GB190251, GB200251, GB210251, GPBK0251 and GPBK0253 | | R, H, O (Foundation, Rule 403, likely to cause juror confusion) | | |

16

| 129 | | | Backpay tables from Expert Report in the matter of EEOC v. Drivers Management and Werner Enterprises and in the matter of EEOC and Andrew Deuschle v. Werner Enterprises by Nathan Adams, Ph.D. February 21, 2020 (Table 1, Table 2 [Deuschle only], Table 4, Table 5 [Deuschle only]) | H, O (Foundation, Cumulative, Rule 403) | | | |
| 130 | | | 2018 and 2019 Werner Benefits Chart | R, H, A, O (to the best of defense counsel's knowledge, this document has not been produced to defense counsel. Defendant reserves the right to assert any additional objections that may be appropriate if and when this document is produced.) | | | |
| 131 | | | Defendant's Second Supplemental Responses to EEOC's First Set of Requests for Production of Documents | | | | |
| 132 | | | Werner 000590-000817: 2015 version of Werner's Driver's Handbook | R, O (unnecessarily cumulative and/or likely to cause juror confusion to the extent Plaintiff and Intervenor intend to offer the entire document) | | | |

17

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 133 | | | Werner 001396-001431: 2015 Werner benefits overview | | R, H | | | |
| 134 | | | Werner 001505-001548: 2016 Werner benefits overview | | R, H, O (unnecessarily cumulative and/or likely to cause juror confusion) | | | |
| 135 | | | Werner 001549-001612: 2016 Werner Annual Report | | R, H, O (Rule 403) | | | |
| 136 | | | Werner 001613-001621: Werner financial news release | | R, H, O (Rule 403) | | | |
| 137 | | | Werner 001622-001665: 2017 Werner benefits overview | | R, H, O (unnecessarily cumulative and/or likely to cause juror confusion) | | | |
| 138 | | | Werner 001666-001704: Werner Driver's 2017 benefit overview | | R, H, O (unnecessarily cumulative and/or likely to cause juror confusion) | | | |
| 139 | | | Werner 001705-001768: Werner 2017 Annual Report | | R, H, O (Rule 403) | | | |
| 141 | | | Werner 001769-001777: Werner 2017 financial news release | | R, H, O (foundation, Rule 403) | | | |
| 142 | | | Werner 001778-001812: Werner 2018 benefits decision guide | | R, H, O (unnecessarily cumulative and/or likely to cause juror confusion) | | | |
| 143 | | | Werner 001813-001848: Werner 2018 benefits decision guide | | R, H, O (unnecessarily cumulative and/or likely to cause juror confusion) | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 144 | | Werner 001849-001915:<br>Werner 2018 Annual Report | R, H, O<br>(Rule 403) | | | |
| 145 | | Werner 001916-001931:<br>Werner 2018 financial news<br>release | R, H, O<br>(foundation,<br>Rule 403) | | | |
| 146 | | Werner 001932-001959:<br>Werner 2019 benefits decision<br>guide | R, H, O<br>(unnecessarily<br>cumulative<br>and/or likely to<br>cause juror<br>confusion) | | | |
| 147 | | Werner 001960-001988:<br>Werner 2019 benefits decision<br>guide | R, H, O<br>(unnecessarily<br>cumulative<br>and/or likely to<br>cause juror<br>confusion) | | | |
| 148 | | Werner 007494: costs of<br>health care provision | R, H, O<br>(unnecessarily<br>cumulative<br>and/or likely to<br>cause juror<br>confusion) | | | |
| 149 | | Werner 000437-000438:<br>Desuchle Charge of<br>Discrimination<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 150 | | EEOC-WER000126-000127:<br>Notice of Charge<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 151 | | EEOC-WER000128-000131:<br>Notice of Charge<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 152 | | Werner 000435-000436:<br>Determination<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 153 | | Werner 000434: Invitation to<br>Conciliation<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 154 | | Werner 000455: Notice of<br>Conciliation Failure<br>[For the Court] | R, H, O<br>(Rule 403) | | | |
| 155 | | EEOC's Third Amended<br>Notice of Rule 30(b)(6)<br>Deposition of Defendants | R, H, O<br>(Rule 403) | | | |

19

| 156 | | | ECF 184: Plaintiff EEOC's Notice of Rule 30 (b)(6) Deposition of Crete Carrier Corporation | R, H, O (Rule 403, unnecessarily cumulative) | | | |
| 157 | | | ECF 185: Plaintiff EEOC's Notice of Rule 30(b)(6) Deposition of C.R. England, Inc. | R, H, O (Rule 403, unnecessarily cumulative) | | | |

| 158 | | | ECF 197: Plaintiff EEOC's Notice of Rule 30(b)(6) Deposition of Covenant Transport, Inc. | R, H, O (Rule 403, unnecessarily cumulative) | | | |
| 159 | | | ECF 199: Plaintiff EEOC's Amended Notice of Rule 30(b)(6) Deposition of Swift Transportation Co., Inc. | R, H, O (Rule 403, unnecessarily cumulative) | | | |
| 160 | | | ECF 195: Plaintiff EEOC's Notice of Rule 30(b)(6) Deposition of Western Express, Inc. | R, H, O (Rule 403, unnecessarily cumulative) | | | |
| 161 | | | Deuschle 000005: Crete Carrier Driver Qualification and Identification Certificate | R, H, O (Rule 403, foundation) | | | |

**OBJECTIONS**
   **R: Relevancy**
   **H: Hearsay**
   **A: Authenticity**
   **O: Other (specify)**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____,
and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:
_____.

s/_____

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant;<br>and<br><br>ANDREW DEUSCHLE,<br><br>Plaintiff Intervenor,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | **CASE NO: 8:18cv329**<br><br><br>**DEFENDANT'S PROPOSED LIST OF EXHIBITS**<br><br><br>Courtroom Deputy:<br>Court Reporter: |

Trial Date(s): June 5-9, 2023

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| | | | | | | | | |
| | 201. | | CV of William C. Adams | | H | | | |
| | 202. | | Position Description, OTR Driver (WERNER 000041) (1 page) | | | | | |
| | 203. | | Deuschle Applications (Werner 00004-00006, 00009-00012) | | | | | |
| | 204. | | Deuschle Resume (Werner 00008) | | | | | |
| | 205. | | 3/30/2015 Application Pre-approval (Werner 000047) (1 page) | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 206. | | 8 April 2015 Gibbs Email (Werner 000066-000067) | | | | |
| 207. | | 27 April 2015 Deuschle Email with Attachments (Werner 000056-000060) (5 pages) | | | | |
| 208. | | 24 April 2015 Gibbs Email (Werner 000062) (1 page) | | | | |
| 209. | | 27 April 2015 Deuschle Email with Attachments (Werner 000068-000069) (2 pages) | | | | |
| 210. | | Receipt and Tracking (Deuschle 00158-159) (2 pages) | | | | |
| 211. | | Werner Driver Handbook, September 2014 (Werner 000073-0000302) (230 pages) | | | | |
| 212. | | Werner Safety Video – Space Management (3:48) (Werner 0000823) | H/R O: Foundation | | | |
| 213. | | Werner Safety Video – Factors Affecting Following Distance (1:47) (Werner 0000824) | H/R O: Foundation | | | |
| 214. | | Werner Safety Video – Managing the Space Behind Your Truck (1:18) (Werner 0000825) | H/R O: Foundation | | | |
| 215. | | Werner Safety Video – Managing the Space to the Sides of Your Truck (1:12) (Werner 0000828) | H/R O: Foundation | | | |
| 216. | | Werner Safety Video – Managing Space While Turning (1:38) (Werner 0000830) | H/R O: Foundation | | | |
| 217. | | Werner Safety Video – Maintaining Safe Speed Based on Conditions (2:58) (Werner 0000833) | H/R O: Foundation | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 218. | | Werner Safety Video – Maintaining Safe Speed Based on Road Characteristics (2:34) (Werner 0000834) | | H/R<br><br>O:<br>Foundation | | |
| 219. | | Werner Safety Video – Excuses Given at Scene of Accident / Visual Search Pattern While Driving (1:42) (Werner 0000836) | | H/R<br><br>O:<br>Foundation | | |
| 220. | | Werner Safety Video – Steps Required for a Visual Search (0:42) (Werner 0000837) | | H/R<br><br>O:<br>Foundation | | |
| 221. | | Werner Safety Video – Steps Required for a Visual Search: Looking Ahead (0:48) (Werner 0000838) | | H/R<br><br>O:<br>Foundation | | |
| 222. | | Werner Safety Video – Steps Required for a Visual Search: Looking Behind and Beside Your Truck (1:35) (Werner 0000839) | | H/R<br><br>O:<br>Foundation | | |
| 223. | | Werner Safety Video – Lane Changes and Turning (1:41) (Werner 0000841) | | H/R<br><br>O:<br>Foundation | | |
| 224. | | Werner Hiring Guidelines (1 page) (Werner 0000843) | | O:<br>Foundation | | |
| 225. | | Werner FMCSA Waiver and Accommodation Guideline (2 pages) (Werner 0000851) | | O:<br>Foundation | | |
| 226. | | Werner Pass/Reject Rules (4 pages) (Werner 0000855) | | O:<br>Foundation | | |
| 227. | | Werner Qualifying Questions Guideline (2 pages) (Werner 0000856) | | O:<br>Foundation | | |
| 228. | | Werner Route/Copy/Pend Guideline (3 pages) (Werner 0000860) | | O:<br>Foundation | | |
| 229. | | Werner Guideline for Working a Driver's File (3 pages) (Werner 0000865) | | A/H<br><br>O:<br>Foundation | | |

| | | | | | |
|---|---|---|---|---|---|
| 230. | | Werner Guideline for Student Progress Reports (9 pages) (Werner 0000869) | O: Foundation | | |
| 231. | | Werner New Driver Orientation Materials (425 pages) (Werner 0000870-0001294) | O: Foundation | | |
| 232. | | Werner Co-Driver Training Hours Guideline (1 page) (Werner 0001295) | O: Foundation | | |
| 233. | | Werner Life on the Road Career Track Pilot Program (2 pages) (Werner 0001299-0001300) | O: Foundation | | |
| 234. | | Werner Life on the Road Career Track Welcome Experience (3 pages) (Werner 007520-007522) | O: Foundation | | |
| 235. | | Werner Life on the Road Career Track Finishing Program (3 pages)(Werner 007528-007530) | O: Foundation | | |
| 236. | | Werner Student Progress Reports with Checkpoints (3 pages) (Werner 007514-007516) | O: Foundation | | |
| 237. | | Smith System Evaluation and Training Forms (4 pages) (Werner 007531-007534) | O: Foundation | | |
| 238. | | Werner Close Quarters Maneuvers– Lesson Plan (3 pages) (Werner 007540-007542) | O: Foundation | | |
| 239. | | Werner Train the Trainer Manual (71 pages) (Werner 0002004-0002074) | O: Foundation | | |
| 240. | | Werner Train the Trainer PowerPoint Presentation (257 pages) (Werner 004108-4364) | O: Foundation | | |
| 241. | | Accommodations, waivers, and restrictions guidelines (5 pages) (Werner 007509-007513) | A/H/R | | |
| 242. | | 2016 Feb. 5 email from Jim Kochendorfer to Jaime Maus (1 page) (Werner 008453) | H/R | | |
| 243. | | 2016 August 11 correspondence from EEOC (1 page) (EEOC-WER000342) | H/R | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 244. | | Documents received via Subpoena from Crete Carrier Corporation, or pertinent portions thereof (331 pages) (Crete 0001-0331) | | H/R | | |
| 245. | | Documents received via Subpoena from C.R. England, or pertinent portions thereof (173 pages) (CRE 0001-0173) | | H/R | | |
| 246. | | Documents received via Subpoena from Camelback Church of Christ, or pertinent portions thereof (8 pages) (Camel 0001-0009) | | H/R | | |
| 247. | | Documents received from the Federal Motor Carrier Safety Administration via Authorization, or pertinent portions thereof (25 pages) (EEOC-DRI 000437-000461 & FMCSA 0001-0020) | | H<br><br>R: as to portions | | |
| 248. | | Documents received from Ruan Corporation via Subpoena, or pertinent portions thereof (144 pages) (Ruan 0001-0144) | | H/R | | |
| 249. | | Deuschle C.R. England Pay Statements (Deuschle 0071-0113) | | R | | |
| 250. | | Deuschle 2014 Form W-2, CR England (1 page) (Deuschle 000163) | | R | | |
| 251. | | Deuschle 2015-2017 Form W-2, Crete Carrier Corp (1 page) (Deuschle 000164-000166) | | | | |
| 252. | | Deuschle 2018-2019 Form W-2, Ruan Transport Corporation (2 pages) (Deuschle 000167, 00173) | | | | |
| 253. | | Deuschle Ruan Transport Earnings Statement, December 20, 2019 (1 page) (Deuschle 00174) | | | | |
| 254. | | Plaintiff-Intervenor's Second Supplemental Responses to Defendant's First Set of Interrogatories, February 20, 2020 (6 pages) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 255. | | 78 Fed. Reg. 7479 – 7484 (Feb. 1, 2013) (6 pages) | R | | | |
| 256. | | Evidence Report Presented to the Federal Motor Carrier Safety Administration, August 26, 2008 (Filing 266-12) (136 pages) | H/R | | | |
| 257. | | 82 Fed. Reg. 61809 – 61812 (Dec. 29, 2017) (4 pages) | R | | | |
| 258. | | Effects of Hearing Loss on Traffic Safety and Mobility, Birgitta Thorslund (Filing 275, Page ID #3701-3796) (96 pages) | H/R: Only for limited purpose | | | |
| 259. | | FMCSA Analysis Brief of Safety Performance of Drivers with Medical Exemptions, November 2016 Filing 275, Page ID #3797-3802) (6 pages) | H/R: Only for limited purpose | | | |
| 260. | | Driver Distraction in Commercial Vehicle Operations (September 2009) (285 pages) | H/R: Only for limited purpose | | | |
| 261. | | Human Factors Design Guidance for Driver-Vehicle Interfaces (December 2016) (260 pages) | H/R: Only for limited purpose | | | |
| 262. | | Role of Driver Hearing in Commercial Motor Vehicle Operation: An Evaluation of the FHWA Hearing Requirement (4 pages) | H/R: Only for limited purpose | | | |
| 263. | | Preliminary analysis of roadway accident rates for deaf and hard-of-hearing drivers (June 2016) (7 pages) | H/R: Only for limited purpose | | | |
| 264. | | Medical conditions as a contributing factor in crash causation (2008) (13 pages) | H/R: Only for limited purpose | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 265. | | Hearing Disorders and Commercial Motor Vehicle Drivers (1993) (45 pages) | | H/R:<br><br>Only for limited purpose | | |
| 266. | | Forensic Aspects of Driver Perception and Response (4th Ed.) (336 pages) | | H/R:<br><br>Only for limited purpose | | |
| 267. | | Pertinent portions of October 2019 Inspection Videos and Photographs produced with the Expert Report of Steven Arndt | | R | | |
| 268. | | Pertinent portions of December 2019 Inspection Videos and Photographs produced with the Expert Report of Steven Arndt | | R: as to portions including Victor Robinson | | |
| 269. | | Pertinent portions of January, 2020 Inspection Videos and Photographs produced with Expert Report of Steven Arndt | | R: as to portions | | |
| 270. | | Plaintiff EEOC's First Supplemental Response and Objections to Defendants' First Set of Interrogatories, February 14, 2020 (46 pages) | | R | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 271. | Plaintiff EEOC's Second Supplemental Response and Objections to Defendants' First Set of Interrogatories, February 20, 2020 (49 pages) | | H/R<br><br>O: not the most recent supplement (4.20.20) and does not reflect complete responses; contains settlement and conciliation information; Mach Mining, LLC v. EEOC, 135 S. Ct. 1645, 575 U.S. 480 (2015). | | |
| | 272. | Plaintiff EEOC's Second Supplemental Response to Defendants' Second Set of Interrogatories, March 4, 2020 (7 pages) | | | | |
| | 273. | Plaintiff Intervenor's Objections and Resppnses to Defendant's First Set of Interrogatories, April 15, 2019 (10 pages) | | R | | |
| | 274. | Plaintiff Intervenor's Supplemental Responses and Objections to Defendant's First Set of Interrogatories, February 13, 2020 (7 pages) | | R | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**OBJECTIONS**
   **R: Relevancy**
   **H: Hearsay**
   **A: Authenticity**
   **O: Other (specify)**

**CERTIFICATE OF SERVICE**

**I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to**
**the following: _____**


**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.**


**s/_____**

# Nathan R. Adams

Washington State Institute for Public Policy                    phone: (360) 664-9070
110 5th Avenue SE, Suite 214                     email: nathan.adams@wsipp.wa.gov
Olympia, WA 98501

## Education

*University of Oregon, Eugene, OR*
>   PhD, Economics, June 2018
>> Dissertation: "Essays in Risk Taking, Belief Formation, and Self-Deception"
>> Committee: Glen Waddell (Chair), Michael Kuhn, and William Harbaugh
>   MS, Economics, December 2014

*Brigham Young University, Provo, UT*
>   BA, Economics, June 2013

## Experience

**Research Manager**, *Washington State Institute for Public Policy*, 2021–Present
- Collaborate with research teams on all reports published by the institute to ensure methodological quality
- Provide internal and external methodological training for researchers
- Supervise direct reports as well as evaluate all researchers on technical expertise
- Serve as a member of the institute's leadership and supervisory teams
- Facilitate relationships with governmental data owners in Washington

**Economist**, *Equal Employment Opportunity Commission*, 2018–2021
- Served as an expert labor economist, writing expert reports and providing consulting advice on statistical evidence of discriminatory employment practices and on back pay owed
- Developed Shiny apps to streamline work processes and to make better-targeted business decisions using the agency's data
- In both formal and informal settings, taught legal teams statistical concepts

**Independent Instructor**, *University of Oregon*, 2015–2018
- Independently designed and taught undergraduate economics courses
  - EC 311: Intermediate Microeconomics (Winter 2017, Spring 2017)
  - EC 320: Introduction to Econometrics I (Summer 2017, Fall 2017)
  - EC 350: Labor Economics (Summer 2015, Winter 2016)
  - EC 450: Labor Economics (Summer 2016, Spring 2018)

**Adjunct Professor**, *Brigham Young University-Idaho*, 2016–2018
– Taught and facilitated online economics courses
ECON 151: Introductory Macroeconomics (Online: Spring 2016, Fall 2016, Winter 2017, Fall 2017, Winter 2018, Spring 2018)

**Lab Instructor**, *University of Oregon*, 2013–2015
– Taught practical sessions of larger economics courses, helping students with homework and coding
EC 101: Introductory Economics (Fall 2013)
EC 201: Introductory Microeconomics (Winter 2014)
EC 202: Introductory Macroeconomics (Spring 2014)
EC 421: Introduction to Econometrics II (Fall 2014, Fall 2015)

## Peer Reviewed Publications

"Performance and Risk-Taking Under Threat of Elimination," *Journal of Economic Behavior and Organization*, 2018, 156:41-54 (with Glen Waddell).

## Other Publications

"Early Achievers evaluation: Access to providers meeting Early Achievers quality standards," Washington State Institute for Public Policy, Document Number 22-12-2201 (with Amani Rashid, Rebecca Goodvin, and Kara Krnacik).

"Legal Financial Obligations in Washington State: Final Report," Washington State Institute for Public Policy, Document Number 22-12-1902 (with Paige Wanner, Morgan Spangler, and Devin Bales).

"What works for whom? Juvenile court assessment tool and program eligibility," Washington State Institute for Public Policy, Document Number 22-06-1902 (with Lauren Knoth-Petersen and Colin Gibson).

## Expert Testimony

*Equal Employment Opportunity Commission v. Ring Power Corporation* United States District Court for the Middle District of Florida, Civil Action No. 3:19-cv-01098. Report filed May 17, 2021. Deposition October 15, 2021.

## Working Papers

"Confidence and Contrition: Is Cheating Internalized in Performance Assessments?" (with Glen Waddell and Michael Kuhn), *Under Submission*

"Policy-Induced Belief Updating: What Can We Learn from the Extension of Marriage Rights to Same-Sex Couples?" (with Glen Waddell), *Working Paper*

"To Aggregate or Not to Aggregate: Issues in Employment Discrimination Analyses," *Working Paper*

## Works in Progress

"The Importance of Job Descriptions in Uncovering Workplace Discrimination," *Work in Progress*

"How to Get Away with Discrimination: Regional Differences in the Effectiveness of Unemployment Discrimination Lawsuits," *Work in Progress*

"The Internationalization of Undergraduate Education: Crowd Out and Local Labor Market Outcomes," (with Glen Waddell), *Work in Progress*

"Gender Differences in Competitiveness: The Effect of Cheating on Opt-Out Behavior," (with Erica Birk and Glen Waddell), *Work in Progress*

## Specializations

Applied Microeconometrics, Labor, Discrimination, Behavioral, Experimental

## Other Professional Experience

*Conferences and Invited Presentations*
   Western Economic Association International Conference, Portland, July 2016.
   Using Desktop Tools to Develop Statistical Evidence, EEOC Webinar, May 2019.
*Referee*
   Economics of Education Review
*Committees*
   GAO Entrance Conference—"Prevalence of Sexual Harrassment in the U.S. Workplace"

## Honors and Awards

EEOC Recognition Award, *Equal Employment Opportunity Commission*, 2020
EEOC Recognition Award, *Equal Employment Opportunity Commission*, 2019
Graduate Teaching Fellowship, *University of Oregon*, 2013-2018
Graduate Employee Teaching Award, *University of Oregon*, 2017
Best Econometrics Performance Award, *University of Oregon*, 2014
Kleinsorge Fellowship Award, *University of Oregon*, 2013-2014

**Don D. Olds Expert Qualifications**

I.        <u>Background/Expertise (Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v))</u>: My name is Don D. Olds. I am a truck driver trainer of individuals who are both deaf/hard of hearing and have a Department of Transportation (DOT)/Federal Motor Carrier Safety Administration (FMCSA) hearing exemption[1]. I also train those without hearing exemptions. I began my career in truck driving in 1993 at the age of 21 when I joined the U.S. Army and served as a Petroleum Supply Specialist. In the twenty-four (24) years since I left the Army in 1996, I have worked almost exclusively in the trucking industry (during this time I worked twenty-three (23) months in non-trucking jobs, including twelve (12) months as a heavy equipment operator). I was issued my Class A commercial driver's license (CDL) in 1996, with a tanker endorsement and hazardous material (hazmat) endorsement and have maintained this CDL continuously. I currently maintain a commercial driver's license with endorsements for a tanker trailer, doubles and triple trailer.

I began my career as a truck driver trainer a decade ago, in April 2010, and have worked almost uninterrupted during this time for Action Career Training (ACT) in Abilene, Texas. Class sizes range from three to fifteen, with an average of three to four students per truck. I estimate that I have trained between 400 and 500 student drivers. I started training those with a DOT/FMCSA hearing exemption to become truck drivers in 2013. In the past I have used certified and level four student sign language interpreters when I taught in the classroom and yard/range. I now teach all parts of the course without an interpreter because I've taken four semesters of American Sign Language (ASL) classes at Howard College, Southwest Collegiate Institute of the Deaf (SWCID; now called SouthWest College for the Deaf), from 2013-2015.

I have consulted, at no charge, on the issue of drivers with a DOT/FMCSA hearing exemption with the West Central Texas Council of Governments' Law Enforcement Academy's Training Center, the Ohio Department of Motor Vehicles, truck driving companies (e.g., Schneider, Covenant, JBS, Central Oregon Truck, etc.), and schools (e.g., Roadmaster, Champlain Valley Truck Driver Training School, New Mexico Junior College, etc.).

I have not authored any publications in the past ten years. I was, however, retained as an expert in another federal case – *Frilando v. Dutchess School of Driving*, Case No. 7:15-cv-3972 (S.D.N.Y. 2015).

---

1





# EXPLICO

## STEVEN R. ARNDT, PhD, CHFP

*Human Factors*

### EDUCATION

**UNIVERSITY OF WISCONSIN**
- **PhD,** Industrial Engineering - Human Factors Specialization, 1996
- **MSIE,** Industrial Engineering - Human Factors Specialization, 1991
- **BS,** Psychology, 1988

### LICENSES & CERTIFICATIONS
- Certificant, Board of Certification in Professional Ergonomics, CHFP #1644 (2011)

### AFFILIATIONS
- Human Factors and Ergonomics Society
- American Society of Safety Engineers
- Society of Automotive Engineers (SAE)
- American Society of Testing and Materials
    - E30 on Forensic Sciences
    - E34 on Occupational Health and Safety
    - E58 on Forensic Engineering
    - F13 on Pedestrian/Walkway Safety and Footwear
    - F15 on Consumer Products
    - F18 on Electrical Protective Equipment for Workers
    - F24 on Amusement Rides and Devices

### PROFESSIONAL PROFILE

Dr. Arndt is a human factors scientist. Human factors is the scientific field of research dealing with the capabilities and limitations of people as they interact with systems made up of products, tools, technology, information, organizations, environments, and other people. He specializes in human perception, human performance, and ergonomics associated with industrial and occupational safety, consumer product design and use, as well as pedestrian and driver/operator behaviors and performance. Dr. Arndt is a consultant with substantial experience in the investigation and prevention of accidents and injuries related to consumer products, warning labels, instructions, training, industrial and occupational settings, and transportation related systems.

Dr. Arndt also investigates operator behavior, decision-making, perceptual capabilities and limitations associated with vehicle operation, and decision and motor control response times. Pedestrian and motor vehicle work has included the assessment of visibility and conspicuity of objects in low-light and low-visibility environments as well as driver distraction.

### AREAS OF EXPERTISE
- Human Factors and Human Performance
- Ergonomics and Safety
- Warnings, Labeling, and Instructions
- Human Factors of Transportation
- Driver Behaviors, Capabilities, and Limitations
- Visibility and Conspicuity
- Industrial and Construction Machinery Operation and Safety
- Consumer Product Design and Safety

### CONTACT INFORMATION

(312) 350-8774 | sarndt@explico.com | explico.com



**Steven R. Arndt, PhD, CHFP**
*Human Factors*



---

## EXPERIENCE

- **Explico**
  Principal — 2015-Present

- **Exponent Failure Analysis Associates, Inc.**
  **Human Factors**
  Principal — 2005-2015
  Senior Managing Scientist — 2003-2005
  Managing Scientist — 2000-2003
  Senior Engineer/Scientist — 1998-2000
  Engineer/Scientist — 1996-1998

- **Wisconsin Center for Space Automation and Robotics (WCSAR)**
  Graduate Research Assistant — 1993-1996

## PEER REVIEWED PUBLICATIONS

Kappler E., Figueroa Jacinto R., Arndt S. (2022). Evaluation of Visual Acuity and Perceptual Field of View Using the Varjo XR-3 Headset in a Virtual Environment. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting.

Figueroa Jacinto R., Kappler E., Petroskey K., Arndt S., Leipold T. (2022). Naturalistic Observations of Human Driving Perceptions and Vehicle Kinematics at Stop Sign-Controlled Intersections. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting.

Funk C, Petroskey K, Arndt S, Vozza A. *Vehicle Specific Headlamp Mapping for Nighttime Visibility.* Society of Automotive Engineers, SAE 2021-01-0880, 2021.

Figueroa-Jacinto R., Kappler E., Jin X., Arndt, S., Rundell, S. (2021). Face Validity of Various Display Methodologies in Conveying Spatial Awareness and Depth Perception. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting.

Alper SJ, Arndt SR, Borgardt J, Johnson K, (2019). Human Factors And Medical Device Instructions For Use: It's Not Just Good Business And Good Science, It's The Law. In Proceedings of the Human Factorsand Ergonomics Society International Health Care Symposium, Chicago, IL.

---

**Steven R. Arndt, PhD, CHFP**
*Human Factors*



Sproule D, Figueroa-Jacinto R, Rundell S, Williams J, Perlmutter S, Arndt S, (2019). Characterization of Visual Acuity and Contrast Sensitivity Using Head-Mounted Displays in a Virtual Environment: A Pilot Study. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting, Seattle, WA.

Figueroa-Jacinto R, Sproule D, Williams J, Perlmutter S, Arndt S, Rundell S, (2019). Application of Stereoscopic Head-Mounted Displays and Interactive Virtual Reality Environments to an "Optical Illusion" Misstep and Fall Case. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting, Seattle, WA.

Figueroa-Jacinto R, and Arndt S, (2018). Prevalence of the Use of Mobile Instant Messaging Applications: The Need to Assess Their Usage in Human Factors Investigations. In Proceedings of the Human Factors and Ergonomics Society Annual Meeting (Vol. 62, No. 1, pp. 406–410). Philadelphia, PA.

Perlmutter S, Cades DM, Heller MF, Giachetti RS, Sala JB, Arndt SA. Effects of mobile technology use on walking. Proceedings, 58th Human Factors and Ergonomics Society Annual Meeting, 2014.

Quartuccio J, Franz S, Gonzalez C, Kenner NM, Cades DM, Sala JB, Arndt, SA, McKnight, PE. Seeing is believing: The use of data visualization to identify trends for cycling safety. Proceedings, 58th Human Factors and Ergonomics Society Annual Meeting, 2014.

Cades DM, Arndt SR, Kwasniak AM. Driver distraction is more than just taking eyes off the road. Institution of Transportation Engineers Journal 2011; 81(7).

Weaver B, Ruberte L, Khan F, Arndt, S. Normal pedal activation in real world situations. SAE 11B-0291/2011-01-0551, SAE World Congress 2011, Detroit, MI, 2011.

Khan F, Sala J, Arndt S. Reducing subjectivity when attempting auditory scene recreation in accident reconstruction. Proceedings, Human Factors and Ergonomics Society 54th Annual Meeting, San Francisco, CA, 2009.

Vigilante W, Rhoades T, Arndt SR, Cohen HH. Forensic human factors/ergonomics practice from the perspective of the forensic consulting firms. Proceedings, 53rd Annual Meeting of the Human Factors and Ergonomics Society, San Antonio, TX, 2009.

Arndt S, Krauss D, Weaver B. A previously unidentified failure mode for ladder-climbing fall-protection systems. Proceedings, American Society of Safety Engineers Professional Development Conference and Exposition, Las Vegas, NV, 2008.

**Steven R. Arndt, PhD, CHFP**
*Human Factors*



Arndt SR, Wood CT, Delahunt PB, Wall CT, Krauss DA. Who's in the back seat? A study of driver inattention. Proceedings, 50th Annual Meeting of the Human Factors and Ergonomics Society, Santa Monica, CA, 2006.

Krauss DA, Kuzel MJ, Arndt SR, Delahunt PB. Validation of digital image representations of low-illumination scenes. SAE Paper 2006-01-1288, Society for Automotive Engineers, Inc., 2006.

Arndt SR, Hammoud SA, Cargill RS. Head accelerations experienced during everyday activities and whileriding roller coasters. Proceedings, 48th Annual Meeting of the Human Factors and Ergonomics Society,New Orleans, LA, 2004.

Al-Tarawneh IS, Stevens WJ, Arndt SR. An analysis of home and hospital medical device incidents in the MAUDE database. Proceedings, 48th Annual Meeting of the Human Factors and Ergonomics Society, Santa Monica, CA, 2003.

Arndt SR, Al-Tarawneh IS. Fixed-site amusement park injuries: An examination of two sources of data. Proceedings, 47th Annual Meeting of the Human Factors and Ergonomics Society, Santa Monica, CA, 2003.

Arndt SR, Cargill RS. Everyday life accelerations. Injury Insights, Publication of the National Safety Council, p. 6–7, June/July 2003.

Wood CT, Arndt S, Kelkar R. Children's use of various internal automobile trunk release mechanisms intended to reduce child entrapment risk. Proceedings, Human Factors and Ergonomics Society Annual Meeting, pp. 912–915, 1999.

Arndt S, Ayres T, McCarthy R, Schmidt R, Wood CT, Young D. Warning labels and accident data. Proceedings, Human Factors and Ergonomics Society Annual Meeting, pp. 550–553, Chicago, IL, October1998.

**Steven R. Arndt, PhD, CHFP**
*Human Factors*



---

## OTHER PUBLICATIONS

Cades DM, Arndt SR, Sala JB, Krauss DA. What you need to know about the distracted driver. Feature Article in The Illinois Association of Defense Trial Counsel Quarterly 2013; 23(4)

Khan FS, Krauss DA, Alper SJ, Droll J, Arndt SR, Lakhiani SD, Cades DM. Do people heed warnings at gasstations? Proceedings, 2nd Annual World Conference of the Society for Industrial and Systems Engineering, pp. 114–117, Las Vegas, NV, November 5–7, 2013. ISBN: 97819384960-1-1.

Tsuji JS, Dahlstrom DL, Arndt SR, Rogers WS, Clark JA. Best uses of experts in producing labels and warnings for products containing engineered nanomaterials. BNA Expert Evidence Reporter, 12 EXER 20, January 9, 2012.

Tsuji JS, Dahlstrom DL, Arndt SR, Rogers WS, Clark JA. Labeling and warning for products containing engineered nanomaterials—Learning from the past or we are doomed to repeat it. Part II. BNA Tort Law Reporter, 26 TXLR 1435, December 8, 2011.

Tsuji J, Dahlstrom DL, Arndt S, Rogers Wm, Clark J. Labeling and warning for products containing engineered nanomaterials—Learning from the past or we are doomed to repeat it? Part I, BNA Product Safety & Liability Reporter, Vol.39, PSLR 1283, November 21, 2011.

Tsuji J, Dahlstrom DL, Arndt S, Rogers Wm, Clark J. Engineered nanomaterials in the workplace: What todo when the genie is out of the bottle. BNA Toxic Law Reporter, Vol. 26, No. 27, July 14, 2011.

Khan FS, Sala JB, Arndt SR. Considerations in the textless presentation of warning and safety information. Proceedings, 15th Annual International Conference on Industrial Engineering Theory, Applications and Practice, Mexico City, Mexico, 2010.

Khan FS, Sala JB, Arndt SR. Psychoacoustic response to auditory warnings. Proceedings, 14th Annual International Conference on Industrial Engineering Theory, Applications and Practice, Anaheim, CA, 2009.

Khan FS, Arndt SR, Krauss DA. Understanding the relationship between safety climate and warning compliance in occupational settings. Proceedings, 14th Annual International Conference on Industrial Engineering Theory, Applications and Practice, Anaheim, CA, 2009.

---

**Steven R. Arndt, PhD, CHFP**
*Human Factors*



Krauss D, Arndt S, Lakhiani S, Khan F. Additional considerations when applying the "Safety Engineering Hierarchy" in industrial work settings. Proceedings, 13th Annual International Conference on Industrial Engineering: Theory, Applications and Practice, Las Vegas, NV, 2008. Arndt S, Young D, Krauss D. Human factors issues in trucking—What does a qualified expert need toknow? Trucking Law Seminar, Phoenix, AZ, April 17, 2008.

Huntley-Fenner G, Arndt S, Sanders K. Case study: Pedestrian behavior at grade crossings. Proceedings, 9th Annual International Conference on IndustrialEngineering: Theory, Applications and Practice, 2005; 10:69–73.

Arndt S, Ayres TJ, Li L, Wood CT, Young D. Human factors in product recall planning. Proceedings, 6th Annual International Conference on Industrial Engineering—Theory, Applications and Practice, San Francisco, CA, November 18–20, 2001.

Arndt SR, Hammoud S, Kennett K. The role of human factors, biomechanics and accident reconstructionin forklift accident investigations. Proceedings, 6th Annual International Conference on Industrial Engineering—Theory, Applications and Practice, San Francisco, CA, November 18–20, 2001.

Arndt S, Humphrey D, Kelkar R, Kelsh M, McCarthy R, Mrad R. Repetitive stress injuries: incidence trends, the regulatory landscape and verdict. Proceedings, Silicon Valley Ergonomics Conference & Exposition, ErgoCon '99, San Jose, CA, June 1–4, 1999.

Ayres TJ, Wood CT, McCarthy RL, Arndt SR. Relative rollover risk estimates for pickup trucks. Proceedings, 7th International Conference on Product Safety Research, Washington, DC, 1999.

Wood CT, Arndt SR, McCarthy RL. Using risk analysis to reduce the hazards on playgrounds. Proceedings, National Manufacturing Week Conference, Chicago, IL, March 1998.

Ayres TJ, Arndt SR, Young DE. Product-related risk of falling among the elderly. Proceedings, Silicon Valley Ergonomics Conference and Exposition, San Jose, CA, 1998.

## DISSERTATION

Gauging and Predicting Manual Assembly Performance in Impaired Populations: An Analysis of the Reliability, Validity and Utility of the Telerobotic Performance Analysis System (TPAS), A Dissertation Submitted in Partial Fulfillment of the Requirements for the Degree of Doctor of Philosophy (Industrial Engineering) at the University of Wisconsin-Madison, 1996

**Steven R. Arndt, PhD, CHFP**
*Human Factors*



---

**PROFESSIONAL DEVELOPMENT**

■ **CRASH SAFETY SOLUTIONS**
   Advanced Human Factors for Traffic Crash Reconstruction

■ **SOCIETY OF AUTOMOTIVE ENGINEERS**
   Accident Reconstruction, the Autonomous Vehicle and ADAS 2020
   Driver Distraction from Electronic Devices: Insights and Implications, 2020
   Applying Automotive EDR Data to Traffic Crash Reconstruction, 2020
   Introduction to Brake Controls: ABS, TCS, and ESC, 2020
   Fundamentals of Vehicle Dynamics, 2020

■ **OCCUPATIONAL/INDUSTRIAL HEALTH AND SAFETY**
   Boom and Scissor Lift (Type 3, Groups A&B) Operator Training, 2021, JLG (OSHA/ANSI Compliant Course)
   MEWP Supervisor Training Course, 2021, JLG (OSHA Compliant Course)
   Team Leader for Process Hazard Analysis (PHA), 2013, Primatech (OSHA Compliant Course)
   Qualified Individual for Fall Protection, 2008, (OSHA Compliant Course)
   Forklift Safety Trainer, 2007, (OSHA Compliant Course)
   OSHA-30 General Industry Train the Trainer, 2000 (OSHA Compliant Course)

■ **OTHER**
   Protecting Human Research Participants — Training for Institutional Review Boards, 2020
   USCCA Defensive Shooting Instructor, 2019
   FAA Rated Remote Pilot (SUAS), 2017

---

## <u>William C. Adams</u>
**EXPERT WITNESS AND CONSULTING**
(717) 360-0642 bill21mtfd@gmail.com
13877 Path Valley Road, Willow Hill, PA 17271

**PROFESSIONAL QUALIFICATIONS**

**Expert Witness** (2006 – Present): Snyder Burnett Egerer, LLP (Santa Barbara, CA), Cooper Law (Charleston, WV), Chaffe McCall LLP (New Orleans, LA), Morrison Mahoney LLP (Boston, MA), Blankrome (Philadelphia, PA), Carr Allison (Jacksonville, FL)

- Review police, witness, and insurance investigation reports, research DOT regulations, state and local laws, and analyze scenes of accidents to determine cause
- Critically analyzed safety training courses of three major trucking companies to determine if crucial areas of education were left out that may have influenced the accident
- Create expert witness findings reports for depositions and court hearings
- Testify in court as to findings of investigation

**Fire Service Safety Training**

- National Incident Management Training (2011): Instructor for NIMS 300 & NIMS 400 (March 2013)
- Incident Safety Officer (2009)
- VFIS Safety Training Development (2009): Aided VFIS, a division of Glatfelter Insurance Group, in developing training for operators of fire apparatus that pull trailers
- Highway Watch (2006): Trainer for Homeland Security's Highway Watch program

**Fire Service**

- <u>Training coordinator for the Franklin County Public Safety Training Center</u>: (Volunteer Position)
    Coordinate training for Fire, Emergency Medical Service, Law Enforcement and Municipal Services
- <u>Fire Service Instructor</u>:
    – Pennsylvania State Fire Service Instructor (2010 – Present)
    – Buck's County Community College Fire Service Instructor (2010 – Present)
    – <u>Courses</u>: Emergency Vehicle Operator Training, Hazardous Materials Awareness & Operations, and numerous other suppression and non-suppression courses
- <u>Certifications</u>:
    – Firefighter I & II, Fire Officer I, Fire Service Instructor I & II (Educational Methodology)
    – Ongoing, extensive fire training since 1979
- Metal Township Fire Department (1997-Present)
    – <u>Positions held</u>: Assistant Fire Chief (2011-Present), Captain (2008-2010), First Lieutenant (2007-2008), Chief Engineer (2004-Present)

**EMPLOYMENT HISTORY**

- Fuel Tanker Transport Driver and Driver Trainer, C.M. Fuels (08/19 – Current part time)
- Tunnel Guard (10/2014 – Current) Pennsylvania Turnpike Commission
- Equipment Operator 1 Everett Maintenance (04/2013 – 10/2014) Pennsylvania Turnpike Commission
- Equipment Operator & Driver Trainer, Western Training Facility, (07/2012) Pennsylvania Turnpike Commission
- Fuel Tanker Driver (2010-2012): CLI Transport

Exhibit A

- Driver, Trainer, and Train the Trainer (1999-2010): Overnite Transportation/ UPS Freight
  – Developed new training information used in company training courses
  – Coordinated new driver training to promote work safety and refresher courses for all employees that were in accidents or sustained work-related injuries to ensure employee compliance with safety regulations
  – Taught "Space & Visibility" courses to enhance driver safety and performance along with road testing prospective drivers (2005-2010)
- Driver, (1998-1999) Roadway Express
- Driver, Driver Trainer (1991-1998): Giant Foods
- Driver and Driver Trainer for over dimensional loads (1986-1991): Keen Transport
- Driver, Driver Trainer (1981-1986): Cressler Trucking


**OTHER QUALIFICATIONS**
- Fannett-Metal School District: 1980 High School Diploma
- Franklin County Vocational School: 1980 Degree in Diesel Mechanics
- Class A Pennsylvania Driver's License - Endorsed for Double and Triple Trailers, Tanker, and Hazmat
- Commercial Motor Vehicle Crash Investigation; Evidence at the Crash Scene
  Mont Aloysius College & Center for Law Enforcement Education November 8, 2017
- Commercial Motor Vehicle Crash Investigation; Crash Scene Evidence, Vehicle Evidence, Human Factors, and Nighttime Visibility
  Mont Aloysius College & Center for Law Enforcement Education September 13, 2017
- Commercial Motor Vehicle Crash Investigation
  Mont Aloysius College & Center for Law Enforcement Education November 5, 2018
- Logged more than 5 million miles as a commercial driver, earning numerous safety awards including a 5 million mile award for logging over 5 million miles without a preventable accident.
- Awarded American Trucking Association "Road Team Captain" award in 2003.
- Served on the Pennsylvania State and America's Road Teams, where I worked with media, State and National government to promote safety in the transportation industry.

**FEE SCHEDULE OF WILLIAM C. ADAMS**
**EXPERT WITNESS AND CONSULTING**
(717)360-0642 bill21mtfd@gmail.com
13877 Path Valley Road, Willow Hill, PA 17271

<u>**HOURLY FEES**</u>

1. <u>**CASE WORK:**</u> ----------------------------------------------------------------------------------------$300
   This includes but is not limited to case review, analysis, research, meetings and all hours
   pertaining to the case. Any additional expenses involved with the case review will be
   billed.
2. <u>**DEPOSITION:**</u> --------------------------------------------------------------------------------------- $325
   Deposition rate is charged in 1-hour increments. This is to be paid on the day of the
   deposition.
3. <u>**COURT APPEARANCE:**</u> ----------------------------------------------------------------------------$325
   Court appearance rate is charged in 1-hour increments. Delay/waiting time outside of
   testifying is billed at $300/hour in 1-hour increments.
4. <u>**TRAVEL COST:**</u> --------------------------------------------------------------------------------------$150
   In addition to the hourly rate, all travel expenses including but not limited to airfare,
   rental car, parking, taxi, hotel, meals and any other fees incurred will be billed. Airfare is
   almost always first class due to short travel notices and schedule changes.

Payment is expected within 30 days of invoice
(A 5% late fee is added for payments exceeding 60 days)

Exhibit B

**Exhibit C**
**Facts and Data Considered in Forming Opinion**

In addition to my knowledge, experience, and training in Class A CMV driver safety, I reviewed the following materials provided in this case:

1. Don D. Olds Expert Report;
2. Dr. Steven Arndt's Report;
3. Deposition Transcript of Scott Hollenbeck;
4. Deposition Transcript of Jaime Maus;
5. WERNER 000041, 000280 - 000294, 000843, and 004274 - 004278;
6. Werner's Second Supplemental Answers to Plaintiff EEOC's First Set of Interrogatories; and
7. Videos recorded and photographs taken by Dr. Steven Arndt in October, 2019; December, 2019; and January, 2020.

I also referenced the following additional documents:

1. Rebecca L. Olson, Richard J. Danowski, Jeffrey S. Hickman, and Joseph Bocanegra, *Driver Distraction in Commercial Vehicle Operations, Sept. 2009*;
2. 42 U.S. Code section 12113;
3. 49 C.F.R. 390.3(d), 392.22, 392.80, & 392.82; and
4. AAMVA Commercial Driver's License Manual, 2005 CDL Testing System (July 2017 version).

1

Exhibit C

**William C Adams**

13877 Path Valley Rd. Willow Hill, PA 17271

Home: 717-349-2643, Mobile: 717-360-0642, Email: bill21mtfd@gmail.com

**Case List Requiring Deposition Within Last Four Years**

2016     Frilando v. Bordentown Driver Training School, LLC d/b/a Smith & Solomon, U.S.D.C., N.J. No. 2:15-CV-02917-KM-JCB