IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION, | |
| Plaintiff, | |
| and | |
| ANDREW DEUSCHLE, | |
| Intervenor Plaintiff | 8:18-CV-329 |
| vs. | 8:18-CV-462 |
| WERNER ENTERPRISES, INC., | |
| Defendant. | MEMORANDUM AND ORDER |
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION, | |
| Plaintiff, | |
| vs. | |
| DRIVERS MANAGEMENT, LLC and WERNER ENTERPRISES, INC., | |
| Defendants. | |

The defendant, Werner Enterprises, has filed a motion (filing 294) to partially reconsider the Court's ruling (filing 292) on its motion for summary judgment (filing 263).[1] Specifically, Werner wants another bite at the EEOC's

---

[1] All citations are to the record in the lead case, no. 8:18-cv-329.

"illegal classification" claim: That Werner discriminated against hearing-impaired job applicants by subjecting them to a different workflow for applications. *See* filing 112 at 7. The Court will deny Werner's motion.

### THE EEOC'S CLAIM

The ADA prohibits discriminating against a qualified individual on the basis of disability in, among other things, job application procedures, hiring, and job training. 42 U.S.C. § 12112(a). That includes "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." § 12112(b)(1).

In other words, under the ADA, prohibited discrimination includes intentional discrimination against a qualified individual because of his or her disability. *See Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 543 (8th Cir. 2018). Intentional discrimination is shown by either direct or indirect evidence. *Id*. Direct evidence includes evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude. *Id*. But in the absence of direct evidence, a plaintiff must make a prima facie case with other "evidence of disparate treatment or other proof that will vary according to the specific facts of the case." *Id*. at 543-44.

The EEOC's claim is that Werner's internal operating procedures—as reflected in a training document for recruiters—provide a different workflow for applications from hearing-impaired drivers: If the recruiter is "aware of an FMCSA waiver- or a hearing issue (IE: leaving a message on a relay service) do not Pre-Approve the application." Filing 112-2 at 1. Instead, the recruiter would send the completed application "to the manager basket," and management would decide whether or not to move forward. Filing 112-2 at 1.

That, according to the EEOC, adversely affects the disabled applicants by denying them preapproval. *See* filing 112 at 7; filing 276 at 43.

## SUMMARY JUDGMENT ARGUMENTS

Werner argued that it was entitled to summary judgment on this claim because its policy is lawful: The training document at issue, Werner argued, "does not unlawfully classify applicants because of their disability." Filing 264 at 33. The document instead, according to Werner, only requires diverting applications from hearing-impaired applicants because Werner has to verify that the applicant has a valid exemption from physical qualification standards. Filing 264 at 33-35. Werner asserted that to evaluate this claim, the Court need only "examine the [training] document and the relevant law." Filing 264 at 33. Despite that, Werner also pointed to its employees' deposition testimony to support its contention that diverting applications from hearing-impaired drivers is intended only to confirm their qualifications. *See* filing 264 at 34; *see also* filing 281 at 13-14 (asserting that the training document isn't unlawful *and* that the EEOC "did not identify contradictory evidence calling Werner's explanation [of its application process] into question and Werner's explanation is consistent with and apparent from the face of the training document").

The Court was unpersuaded. The Court simply rejected Werner's single argument on its merits: Contrary to Werner's argument that its training document was facially neutral, the training document *does* instruct its recruiters to treat hearing-impaired applicants differently from other applicants, who get conditional offers of employment while hearing-impaired applicants don't. Filing 292 at 19-20. And the Court was unsatisfied with Werner's evidence of what happens to applications from hearing-impaired drivers after they're diverted to a manager. Filing 292 at 20. So, the Court denied summary judgment as to that claim, expressly leaving the door open to

evidence that hearing-impaired applicants actually *aren't* adversely affected. *See* filing 292 at 20.[2]

## MOTION FOR RECONSIDERATION

That brings us to Werner's current motion. Werner concedes that "its summary judgment argument regarding [this claim] may have been unclear and, regrettably, the true nature of [the claim] may not have been readily apparent to the Court from the prior briefing." Filing 295 at 2. But, Werner says, the Court's characterization of the claim can't be squared with the complaint or its own prior orders. Filing 295 at 2. Werner's argument now is that the EEOC's claim of a "facially discriminatory" hiring policy must be based exclusively on the training document itself, and because it's not clear from the face of the training document that hearing-impaired applicants are actually disadvantaged, Werner is entitled to summary judgment. Filing 294 at 2. The Court finds no merit to that argument.

Explaining why requires going back to the basics of a discrimination claim: The plaintiff must show, among other things, an adverse employment action because of disability. *See St. Martin v. City of St. Paul*, 680 F.3d 1027, 1032 (8th Cir. 2012). Discriminatory intent may be proved either through direct evidence of discrimination, or through a showing of disparate treatment. *See Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 657 (8th Cir. 2001). There's direct evidence of discrimination when the evidence shows a specific link between the alleged discriminatory animus and the challenged decision,

---

[2] Or, alternatively, that hearing-impaired drivers aren't "qualified individuals" because they can't perform the essential functions of a placement driver—the requirement of a "qualified individual" is as applicable to a discrimination claim as to a reasonable accommodation claim.

- 4 -

sufficient to reasonably support a finding that an illegitimate criterion actually motivated the adverse employment action. *St. Martin*, 680 F.3d at 1033.

The Court understood Werner's argument on summary judgment to be directed at both ends of that causal relationship—that the training document doesn't show use of an illegitimate criterion (because it isn't facially discriminatory) and that there isn't an adverse employment action (because hearing-impaired applicants aren't actually adversely affected). The Court found that the document is facially discriminatory, but that the adverse effect of the hiring procedure remains disputed. *See* filing 292 at 20.

Werner now argues that the Court (and, by implication, Werner itself) erred by considering what might be shown by evidence beyond the face of the training document. There are two flaws to that argument. The first is that examining the face of the training document only goes to one element of the plaintiff's claim (and to only one way of proving that element). The authority Werner points to in support of its argument only proves the flaw. *See* filing 295 at 6-7 (citing *DiBiase v. SmithKline Beecham Corp.*, 48 F.3d 719 (3d Cir. 1995); *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006), *abrogated on other grounds by Young v. United Parcel Serv., Inc.*, 575 U.S. 206 (2015)).

For instance, in *DiBiase*, the plaintiff argued that he didn't need to prove disparate treatment, because the defendant's separation benefit policy was facially discriminatory. 48 F.3d at 727. The Second Circuit disagreed, finding that the policy wasn't discriminatory on its face. The Court of Appeals agreed that a facially discriminatory policy may constitute discrimination *per se*, relieving the employee from independently proving intent. *Id*. at 726. But the Court found that because the policy in that case wasn't discriminatory on its face, the plaintiff still had to prove discriminatory intent with other evidence. *Id*. at 727-28. Similarly, in *Reeves v. Swift Transp. Co.*, the Sixth Circuit

- 5 -

accepted the plaintiff's contention that a facially discriminatory policy may be direct evidence of discrimination. 446 F.3d at 640. But the Court of Appeals found that the defendant's light-duty policy wasn't facially discriminatory, meaning it wasn't direct evidence of discrimination, and requiring the plaintiff to adduce other evidence. *Id.* at 641.

In other words, those cases stand for the unremarkable proposition that when deciding whether an employer's policy is facially discriminatory, the Court considers whether the policy is discriminatory on its face. But contrary to Werner's argument, that's not dispositive of the *entire claim*, which still requires proof of other elements. Nor does it preclude a plaintiff from demonstrating discriminatory intent through other evidence, even if a policy isn't discriminatory on its face (which, to reiterate, *this document is*.)

The other flaw in Werner's argument is that on the facts of this case, *DiBiase* and *Reeves* are poor fits anyway. That's because each of those cases dealt with a *written policy*—that is, a policy that, on its face, fully set forth the employee's relevant rights and obligations, from soup to nuts. We don't have such a policy here—the training document instructs recruiters to divert applications from hearing-impaired drivers to the "manager basket," management does something with it and may or may not send it back to the recruiter, at which point the recruiter verifies information in the application and sends it back to the "manager basket." Filing 112-2. That's evidence of *part* of an overall policy, but there are clear gaps in the process—and while the training document evidences disparate treatment, the adverse effect of that treatment, if any, is occurring in the gaps.

That's also why the Court finds no merit to Werner's contention that the EEOC is bound by its pleading to rely exclusively on the face of the training document to support this claim. Werner's focus on the five paragraphs

following the heading "**ADA – Illegal Classification of Disabled Truck Driver Job Applicants**" neglects the preceding 40 paragraphs and the narrative they establish. It's also genuinely hard to square Werner's theory in responding to this claim—that the claim fails because it's not apparent on the face of the training document that Werner's hiring process adversely affects hearing-impaired applicants—with Werner's argument throughout the rest of the case that it doesn't hire hearing-impaired placement drivers and it doesn't have to because that wouldn't be safe.

Werner alternatively asks for "clarification as to the factual issues that will be submitted to the jury." Filing 295 at 8. But the Court never said anything about a jury deciding this claim. *See* filing 292 at 19. Werner suggests that the EEOC's illegal classification claim presents a question of law, and that the EEOC is seeking no monetary relief. Filing 295 at 8-9. But Werner's argument seems to conflate whether a question is legal or factual with whether that claim will be decided by the Court or the jury. Even if construction of the training document presents a question of law for the Court, the *claim* presents disputed issues of fact, and the Court is capable of deciding them.

That said, the parties may want to think about what they're really contesting, because it certainly looks to the Court as if the "illegal classification" claim is just accusing Werner of doing something—refusing to hire hearing-impaired placement drivers—that Werner readily admits. Is there a disagreement about that? Rather, it seems like the disputed issue here is whether a hearing-impaired applicant can be a placement driver with reasonable accommodation—that is, whether accommodating a hearing-impaired placement driver is reasonable. That's the ball that everyone should be keeping their eyes on. With respect to the pending motion, however,

- 8 -

IT IS ORDERED that Werner's motion to reconsider (filing 294) is denied.

Dated this 31st day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge