IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>        Defendant;<br>and<br><br>ANDREW DEUSCHLE,<br><br>        Plaintiff Intervenor,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>        Defendant. | CASE NO: 8:18cv329<br><br>**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION IN LIMINE** |

**I.    INTRODUCTION**

Although he is not a party to this lawsuit and was trained at a different CDL school via different methods of non-verbal communications, Plaintiff EEOC and Intervenor Andrew Deuschle (collectively, "Plaintiffs") intend to call Victor Robinson, a deaf driver currently pursuing a separate discrimination case against Werner, as a witness at the upcoming trial. Werner understands Plaintiffs intend to call Robinson to testify regarding various methods by which he was trained in CDL school and elsewhere. However, Plaintiffs now seek to exclude highly relevant evidence that Robinson has been involved in at least three accidents in a commercial motor vehicle since becoming an over-the-road truck driver.

Robinson's safety record as an over-the-road driver is directly relevant to his credibility and for impeachment purposes. Evidence that Robinson has been involved in multiple accidents since graduating from CDL school is also relevant to whether Werner's placement driver program is an essential function and to the credibility and weight to be

1

accorded to evidence of training programs by other motor carriers. For these reasons, Plaintiffs' supplemental Motion in Limine should be overruled. For the same reasons, Plaintiffs are just wrong when they disingenuously suggest evidence of Robinson's safety record is not relevant for any purpose other than to establish deaf drivers are "generally less safe than hearing drivers."

## II. APPLICABLE LEGAL STANDARD

Evidence is generally relevant and admissible if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401 & 402. A motion in limine should only be granted as to "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Stiffler v. Fid. Nat'l Mgmt. Servs., LLC, No. 8:14CV231, 2016 U.S. Dist. LEXIS 61798, at *3 (D. Neb. May 10, 2016) (citing Jonasson v. Lutheran Child and Family Servs., 115 F.3d 436, 440 (7th Cir. 1997)); Vasquez v. Union Pac. R.R., No. 8:16CV521, 2018 U.S. Dist. LEXIS 95620, at *1 (D. Neb. June 7, 2018) (internal quotations omitted) (emphasis added).

## III. ARGUMENT

Applying those standards here, Plaintiffs' Supplemental Motion in Limine should be denied because evidence of Robinson's safety record is relevant to multiple disputed issues. As an initial matter, that evidence is directly relevant to Robinson's credibility and for impeachment purposes. Werner understands Plaintiffs are going to call Robinson, in a case to which he is not party, to testify regarding certain methods by which he was trained. Presumably, Plaintiffs will suggest to the jury that both Deuschle and Robinson have been successfully driving as over-the-road drivers since graduating from CDL school, where they were trained using various non-verbal means of communication. To the contrary, however, Robinson was fired "on the spot" from one job as an over-the-road driver with Marten Transport, following an accident in which he struck another tractor trailer while attempting to park his vehicle. (Filing 266-6, Robinson Depo. 101:15-104:12). Robinson was involved in at least two other accidents in commercial motor vehicles while driving for other carriers, including one carrier from which Plaintiffs seek to introduce testimony. (Compare id. at 118:6-122:30 (describing accidents with Covenant and U.S. Xpress) with Filing 298, Order on Final Pretrial Conference, ¶D (Plaintiffs' Witness List)).

Evidence that Robinson has been involved in multiple accidents in commercial motor vehicles during his driving career, regardless of whether those accidents occurred during training or otherwise, is relevant to whether he is a credible witness on the subject of appropriate methods for training drivers. The jury should be permitted to consider evidence that Robinson was involved in accidents during time periods when he was the only driver in charge of the truck, and after several years of over-the-road driving experience, in deciding how much weight, if any, to accord to his testimony regarding viable methods for training inexperienced drivers. This evidence is directly relevant to Robinson's credibility: although Plaintiffs intend to suggest to the jury that Robinson has knowledge regarding workable methods for training inexperienced deaf drivers, his safety record seriously undermines their position in that regard.

Evidence of Robinson's questionable safety record is also relevant to the issue of whether the need for contemporaneous communications in Werner's placement driver program is an essential function and to the credibility of, and weight to be accorded to, the testimony by other carriers. Part of Werner's position is that non-verbal communications, like those proposed by Plaintiffs and utilized by the handful of motor carriers cherry-picked by Plaintiffs, do not allow for the contemporaneous real-time communications Werner believes are essential to instilling safe driving practices in new and inexperienced CDL drivers. To that end, Werner will offer evidence that trainers and trainees in the Placement Driver Program are expected to constantly discuss road conditions, in real-time, as they encounter those conditions and to discuss, in real-time, how to react and respond to those changing road conditions. It is Werner's position that new and inexperienced CDL holders cannot develop the necessary skills to operate a commercial motor vehicle alone on public roadways unless they have the benefit of ongoing, real-time instruction from an experienced driver trainer talking them through road conditions as they arise, for a sufficient duration of time so as to instill those driving skills as a matter of second nature.

It is anticipated that Robinson will testify he was trained in CDL school and by other carriers using various methods of non-verbal communications that admittedly do not allow for ongoing, contemporaneous real-time communications and Plaintiffs will argue those methods are reasonable for use in Werner's placement driver program. Victor Robinson's

safety record - which includes multiple accidents while driving for other carriers over a short duration of time - is therefore highly relevant to, and directly undermines, Plaintiffs' position that a new CDL holder does not need the benefit of constant real-time instructions and all information that needs to be communicated while driving can be conveyed through one-word signals and colored flags. The fact that Robinson, who did not go through Werner's over-the-road driver training and admittedly only communicated with trainers at other carriers through short duration hand-signals while driving, has been involved in multiple accidents since completing CDL school, directly undermines Plaintiffs' position that the methods of training used by other carriers are an effective substitute for the contemporaneous communications required in Werner's Placement Driver Program.

### III. CONCLUSION

For these reasons, Plaintiffs' Supplemental Motion in Limine should be denied.

DATED this 1st day of June, 2023.

WERNER ENTERPRISES, INC.
Defendant

BY: */s/ Elizabeth A. Culhane*
Patrick J. Barrett, #17246
Elizabeth A. Culhane, #23632
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Facsimile: (402) 341-8290
pbarrett@fraserstryker.com
eculhane@fraserstryker.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit in NECIVR 7.1 because it contains 1,234 words and the word-count function of Microsoft Word was applied to include all text.

*/s/ Elizabeth A. Culhane*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed, using the CM/ECF system, on June 1, 2023, which sent notification of all parties' counsel of record.

*/s/ Elizabeth A. Culhane*

3011873v2