IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 JUN -5 PM 2:45

OFFICE OF THE CLERK

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

and

ANDREW DEUSCHLE,

        Intervenor Plaintiff,

vs.

WERNER ENTERPRISES, INC.,

        Defendant.

8:18-CV-329

## PRELIMINARY JURY INSTRUCTIONS

## *Introduction*

Ladies and gentlemen, I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all those instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

## *Serving as a Juror on this Civil Case*

This is a civil case brought by the plaintiffs, the Equal Opportunity Employment Commission and Andrew Deuschle, against the defendant, Werner Enterprises, about alleged discrimination in violation of the Americans with Disabilities Act (commonly known as the ADA).

It will be your duty to determine from the evidence whether that claim has been proved. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

## *Summary of the Claim and Defense*

In order to help you follow the evidence, I will now give you a brief summary of the parties' arguments. This will help you to understand the importance of the evidence as it is presented to you. You should understand, however, that what I'm about to give you is only a preliminary outline. At the end of the trial I will give you final instructions on these matters, and sometimes, during the trial, things can change. If there is any difference between what I'm about to tell you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Werner Enterprises is a motor carrier engaged in transporting truckload shipments of cargo throughout the United States. Mr. Deuschle is a truck driver, and he's also deaf. In 2015, Mr. Deuschle applied to work as an interstate truck driver for Werner. Werner didn't hire him.

2

The Equal Opportunity Employment Commission (called the EEOC for short) is an agency of the federal government responsible for enforcing the employment provisions of the ADA. When the EEOC receives a charge of discrimination, it may decide to bring suit. It did so in this case, which is why both the EEOC and Mr. Deuschle are here as plaintiffs.

As the plaintiffs, the EEOC and Mr. Deuschle allege that Werner engaged in discrimination on the basis of Mr. Deuschle's disability when it refused to hire him in 2015. That will require the plaintiffs to prove that Mr. Deuschle was qualified to perform the essential functions of the job he applied for, with or without a reasonable accommodation for his disability, and that Werner refused to hire him because of his disability.

Werner argues that it would have decided not to hire Mr. Deuschle regardless of his disability, because he provided incomplete documentation when he applied for a job. Werner also argues that Mr. Deuschle wasn't qualified for the job he applied for, because his deafness couldn't be safely accommodated during Werner's "placement driver" training program. Werner alleges that its over-the-road "placement driver" training program is a business necessity that a deaf driver cannot safely complete.

You should understand that the parties' allegations are not evidence of anything. Each side has denied the others' allegations, and it is their responsibility at trial to prove their allegations by the greater weight of the evidence.

*Trial Procedures*

I will now briefly explain some of the things you can expect to happen at trial. The first step will be the opening statement by each side's attorney. These statements are simply meant to help you understand what each side believes the evidence presented during the trial will show. Then, each side will present the evidence that it says supports its claims. That evidence may include the testimony of witnesses and exhibits.

During the course of the trial I may have to occasionally interrupt the proceedings to talk to the attorneys about some point of law. Sometimes, we will talk here at the bench, but if we need to have a longer conversation, as a convenience to you, I may excuse you from the courtroom to take a break while we keep working. I will try to avoid such interruptions so we can keep things moving, but please be patient even if trial seems to be moving slowly, because conferences often save time for all of us.

3

After the evidence has all been presented, the lawyers for each side will be given time to make their final arguments. Finally, as I mentioned before, you will be given your final instructions and will leave the courtroom to deliberate together.

Some of you have probably participated in court proceedings before, and each of you has almost certainly seen courtroom proceedings depicted by television or films. But different courtrooms have different rules, and screenwriters often take dramatic license with the law. So, you should not be surprised if what you see here is different—perhaps very different—from what you might have been led to expect.

### What Is and Is Not Evidence

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is, facts which I tell you that you may accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers aren't evidence.

2. Objections aren't evidence. Lawyers have a right to object when they believe something is improper under court rules. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, isn't evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom isn't evidence, and you must not consider it, unless I specifically tell you otherwise.

5. Exhibits that are identified by a party but not received in evidence aren't evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose,

4

and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

### What Testimony to Believe

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

### Interpretation

Because Mr. Deuschle is deaf, he will be using American Sign Language to communicate throughout the trial. Other deaf witnesses may also testify. When that happens, the lawyer will ask a question in English, the question will be interpreted into sign language by the Court interpreter, the witness will answer in sign language, and then the interpreter will interpret the answer into English.

The Court has provided these interpreters so that we can all communicate effectively. The Court interpreters aren't employed by Mr. Deuschle, the EEOC, or Werner. They're not parties and, like the Court, are required to remain neutral, and interpret accurately and impartially to the best of their ability.

American Sign Language is a different language from English, and has its own unique grammatical structure. That grammar may require facial expressions and gestures. You should not construe any facial expressions or gestures of the interpreters to be anything other than a necessary component of the language. Exaggerated facial expressions or gestures on the part of any deaf witnesses, even if they appear unusual to you, may also simply be a necessary part of communicating in American Sign Language, and you should not misconstrue them. And you must not make any assumptions about a witness, or a party, based solely on the use of an interpreter to assist that witness or party.

When testimony is presented through sign language, you should consider only the evidence provided through the official interpreter. Although some of you may know some sign language, it's important that all jurors consider the same evidence—so, you must base your decision on the evidence presented in the English translation.

### No Sympathy or Prejudice

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

### No Transcript Available But Note-Taking Allowed

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is not feasible to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witness. When you leave at night, your notes will be secured and not read by anyone.

### Jurors Not Allowed to Question Witnesses

I don't permit jurors to ask questions of witnesses. Moreover, I don't allow jurors to give me questions to present to the witness. In other words, you won't be allowed to question witnesses, directly or indirectly.

### Conduct of the Jury

It is very important that you strictly obey the following rules during all recesses and throughout the trial:

First, don't make up your mind during the trial about what the verdict should be. Of course, you may think about the case as it progresses—but you should keep an open mind until you have heard all the evidence and arguments, and gone to the jury room to discuss the evidence with your fellow jurors and decide the case.

Second, don't talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict. Again, it's important to wait until all of the evidence and argument have been presented to you. And it's important that your thoughts about the case remain secret until you discuss them with your fellow jurors.

Third, don't talk or communicate with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors. In particular, don't blog or tweet, or post anything on Facebook, YouTube, or any other social network, about this case until this trial has ended and you have been discharged as jurors. This is because, as I mentioned before, your thoughts about the case should remain private until you deliberate with the other jurors, and it's important that your deliberations remain private until the trial is over. To be clear: you may tell others that you are serving on a jury, and let them know where you are, and when—but you may not tell them anything about what's happened inside the courtroom or the jury room until the case is over.

Fourth, when you're outside the courtroom, don't let anyone tell you anything about the case or about anyone involved with it. It's possible that anyone trying to talk to you about the case could be trying to improperly affect the trial. So, if someone should try to talk to you about the case please report it to me.

Fifth, during the trial you shouldn't talk with or speak to any of the parties, lawyers or witnesses involved in this case—even to pass the time of day. Any communication between yourselves and the parties, lawyers, or witnesses could easily be misunderstood.

Sixth, if there is news coverage of this case, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. All the evidence you will see and hear will have been carefully evaluated before it is presented to you. News reports don't follow the same rules, and it is very important that your decision be based solely on the evidence presented to you in court. I assure you that when you have heard all of the evidence, you will know more about this case than anyone will learn through the news media, and it will be more accurate.

Seventh, don't do any research or make any investigation about the case on your own. Don't conduct research on the Internet about this case or about anyone involved with it. Don't consult any books such as dictionaries or similar references about this case or about anyone involved with it. As I said before, it is extremely important that your decision be based on the evidence that is presented in court.

Finally, if you need to communicate with me do so only in writing by giving the courtroom deputy a note which is signed by you and dated. Please don't ask the courtroom deputy questions about the law or the evidence. The courtroom

deputy is not allowed to answer such questions. If you have a problem that you would like to bring to my attention, or you feel ill or need to go to the restroom, please send a note to the courtroom deputy, who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

Dated: June 5, 2023

John M. Gerrard
Senior United States District Judge