IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 JUN -9  PM 4: 42
OFFICE OF THE CLERK

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

and

ANDREW DEUSCHLE,

          Intervenor Plaintiff,

vs.

WERNER ENTERPRISES, INC.,

          Defendant.

8:18-CV-329

FINAL JURY INSTRUCTIONS

## INSTRUCTION #1: INTRODUCTION

Ladies and gentlemen of the jury, the evidence has been fully submitted to you. It is now my job to instruct you on the law to apply to this case. In a few minutes, the lawyers will present closing arguments on behalf of their respective clients and afterward, it will then be your duty to begin fully deliberating this case in the jury room.

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

## INSTRUCTION #2: DUTY OF JURY

It will be your duty to decide from the evidence whether the plaintiffs have proved their claim, and whether Werner Enterprises has proved its affirmative defense. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not let sympathy, or your own likes or dislikes, influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

## INSTRUCTION #3: EVIDENCE

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated, that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1.    Statements, arguments, questions and comments by lawyers are not evidence.

2.    Objections are not evidence. Parties have a right to object when they believe something is improper under court rules. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, isn't evidence and must not be considered.

4.    Anything you see or hear about this case outside the courtroom is not evidence.

5.    Exhibits that are identified by a party but not received in evidence are not evidence.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

- 4 -

## INSTRUCTION #4: EXHIBITS

Exhibits have been admitted into evidence and are to be considered along with all the other evidence to assist you in reaching a verdict.

You are not to tamper with the exhibits or their contents. Each exhibit should be returned into open court, along with your verdict, in the same condition as it was when received by you.

Some of the documents received into evidence have been partially redacted, meaning certain information in the documents has been blacked out. There are various reasons why redactions are necessary. You may give the unredacted information in the document whatever weight you choose. However, you should not consider the redacted portions. Do not speculate on the content of the redacted information or the reasons for its redaction.

## INSTRUCTION #5: STIPULATED FACTS

The parties have stipulated—that is, they have agreed—that the following facts are true. You must, therefore, treat these facts as having been proved.

1.   Werner Enterprises, Inc. is a motor carrier engaged in transporting truckload shipments of commodities in interstate and intrastate commerce throughout the United States.

2.   Andrew Deuschle applied to work as an interstate truck driver for Werner in March 2015.

3.   Werner did not hire Mr. Deuschle as a driver in 2015.

4.   Mr. Deuschle is deaf.

5.   Mr. Deuschle had a disability as that term is defined in the Americans with Disabilities Act at the time that he applied to Werner.

6.   Mr. Deuschle attended Amarillo College's Truck Driving Academy.

7.   The Federal Motor Carrier Safety Administration (FMCSA) is an agency in the United States Department of Transportation that regulates the trucking industry in the United States.

8.   The only part of its truck driving job that Werner claims Mr. Deuschle could not perform, with or without accommodation, at the time he applied to Werner is the trainer-observed over-the-road component of its student driver program (now known as the "placement driver program"), where a trainer rides along with a student driver for observation and training.

## INSTRUCTION #6: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Some testimony was presented to you in the form of depositions, that is, answers that the witnesses made under oath to questions asked by the lawyers before trial. You should consider that testimony, and judge its credibility, as you would that of any witness who testified here in person. And for depositions that were not recorded, you should not place any significance on the manner or tone of voice that was used to read the witnesses' answers to you.

Similarly, you must evaluate interpreted witness testimony as you would any other testimony, and give it the same weight you would have had the witness spoken English. You must not assume that a witness is more credible, or less credible, because that witness relies on the assistance of an interpreter to communicate.

Some witnesses, because of education or experience, are permitted to state opinions, and the reasons for those opinions, about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## <u>INSTRUCTION #7: CORPORATE AND GOVERNMENT PARTIES</u>

A corporation like Werner Enterprises can act only through its employees. A corporation is bound by the knowledge possessed by its employees. It is also bound by acts or omissions of its employees that are within the scope of their employment.

The fact that one party is an individual, another is a corporation, and another is a government agency, must not influence your deliberations or your verdict. All the parties are equal before the law, and should be treated as equals, no better and no worse.

## INSTRUCTION #8: BURDEN OF PROOF

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case, so put it out of your mind.

- 9 -

## INSTRUCTION #9: FAILURE TO HIRE

A. Issues

The plaintiffs contend that Werner Enterprises discriminated against Andrew Deuschle by failing to hire him as an interstate truck driver because of his disability. Werner contends that Mr. Deuschle wasn't qualified to perform the job of an interstate truck driver, because he couldn't safely perform the trainer-observed over-the-road component of its student driver program and there was no reasonable accommodation that would enable him to do so. Werner also contends it would not have hired Mr. Deuschle regardless of his deafness, because of deficiencies in his application.

B. Elements of Claim

Before the plaintiffs can recover against Werner on their failure-to-hire claim, they must prove, by the greater weight of the evidence, each and all of the following:

1. Mr. Deuschle was qualified to perform the job of an interstate truck driver for Werner Enterprises;

2. Werner failed to hire Mr. Deuschle as an interstate truck driver; and

3. Werner would have hired Mr. Deuschle as an interstate truck driver if Mr. Deuschle had not been deaf, but everything else had been the same.

C. Principles of Law

*Qualified, defined*

Under the ADA, a person is "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without a reasonable accommodation.

*Essential Functions, defined*

The term "essential functions" means the fundamental job duties of the employment position for which a person has applied. Not all job duties are essential. In determining whether a duty is essential, you should consider:

- The employer's judgment as to which functions of the job are essential;
- The consequences of not requiring the person to perform the function;
- The amount of time spent on the job performing the function in question;
- The work experience of persons who have held the job;
- The current work experience of persons in similar jobs; and
- Whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function.

No one factor is necessarily controlling, and you should consider all of the evidence in deciding whether a duty is essential.

*Reasonable Accommodation, defined*

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the essential functions of the job as safely as a person without a disability. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce. Reasonable accommodations may include: making existing facilities used by employees readily accessible to and usable by individuals with disabilities; acquiring or modifying equipment or devices; appropriate adjustment or modification of examinations, training materials or policies; providing qualified readers or interpreters; and other similar accommodations.

*Business Judgment*

You may not return a verdict for the plaintiffs just because you might disagree with Werner's decision, or believe it to have been harsh, without good reason, or due to honest mistake. An employer has the right to make its own subjective personnel decisions on any basis, good or bad, so long as it is not discriminatory.

## D. Effect of Findings

If the plaintiffs have not met their burden of proof on their claim, then your verdict must be for Werner Enterprises.

On the other hand, if the plaintiffs have met their burden of proof, then you must consider Werner's affirmative defense of "business necessity," as explained in Instruction #10.

- 11 -

## INSTRUCTION #10: BUSINESS NECESSITY

### A. Issues

Werner contends that its failure to hire Mr. Deuschle as an interstate truck driver was justified by business necessity—specifically that in 2015, as a policy, Werner required, as a matter of course, drivers with less than 6 months' experience to engage in instantaneous two-way communication as part of the trainer-observed over-the-road component of its placement driver program.

### B. Elements of Defense

If you find that in April and May of 2015, after Mr. Deuschle applied to Werner, Werner's policy had the effect of denying a job to Mr. Deuschle, then Werner must prove, by the greater weight of the evidence, each and all of the following:

1. Werner's policy was uniformly applied;

2. Was job-related;

3. Was consistent with business necessity; and

4. Could not have been met by Mr. Deuschle even with a reasonable accommodation.

### C. Principles of Law

To show that a policy is "job-related," an employer must demonstrate that the policy fairly and accurately measures an applicant's actual ability to perform the essential functions of the job and is sufficiently related to safe and efficient job performance.

In evaluating whether the risks addressed by a policy constitute a "business necessity," you should consider the magnitude of the possible harm as well as the possibility of that harm occurring.

### D. Effect of Findings

If you find that Werner met its burden of proof on its affirmative defense, then your verdict must be for Werner Enterprises.

If, on the other hand, Werner has not met its burden of proof, and the plaintiffs met their burden of proof on their failure-to-hire claim as explained in Instruction #9, then you must determine the amount of damages for that claim.

## INSTRUCTION #11: ACTUAL DAMAGES

If you find for the plaintiffs on their failure-to-hire claim under Instruction #9, and you find against Werner on its affirmative defense under Instruction #10, then you must award Mr. Deuschle such sum as you find will fairly and justly compensate him for the damages you find he sustained as a direct result of Werner's failure to hire him.

Specifically, you must determine the amount of damages Mr. Deuschle sustained, in the form of emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

You must not consider any financial losses Mr. Deuschle might have sustained, such as lost wages—those losses, if any, will be separately addressed by the Court, and you need not worry about them.

If you find in favor of the plaintiffs but do not find that Mr. Deuschle's damages have monetary value, then you must award a verdict for Mr. Deuschle in the nominal amount of one dollar ($1.00).

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

## INSTRUCTION #12: PUNITIVE DAMAGES

In addition to the actual damages mentioned in Instruction #11, the law permits you under certain circumstances to award punitive damages.

If you find for the plaintiffs on their failure-to-hire claim under Instruction #9, and you find against Werner on its affirmative defense under Instruction #10, then you must decide whether Werner acted with malice or reckless indifference to Mr. Deuschle's right not to be discriminated against on the basis of a disability.

Werner acted with malice or reckless indifference if the plaintiffs prove by the greater weight of the evidence that Werner (through its managers or supervisors) knew that its failure to hire Mr. Deuschle was in violation of the law prohibiting disability discrimination, or they acted with reckless disregard of that law. However, you may not award punitive damages if it has been proved that Werner made a good-faith effort to comply with the law prohibiting disability discrimination.

*Whether to award punitive damages*

If it has been proved that Werner acted with malice or reckless indifference to Mr. Deuschle's rights, and did not make a good-faith effort to comply with the law, then—in addition to any other damages to which you find Mr. Deuschle entitled—you may (but are not required to) award Mr. Deuschle an additional amount as punitive damages, to punish Werner for engaging in such misconduct and deter Werner and others from engaging in such misconduct in the future. You should presume that Mr. Deuschle has been made whole for his injuries by any actual damages awarded under Instruction #11.

In determining whether to award punitive damages, you should consider whether Werner's conduct was reprehensible. In this regard, you may consider whether:

- Werner's conduct that harmed Mr. Deuschle also caused harm or posed a risk of harm to others;
- There was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Deuschle; and
- There was deceit, intentional malice, or reckless disregard for human health or safety.

*Determining the amount of punitive damages*

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

- How much harm Werner's wrongful conduct caused Mr. Deuschle; and
- What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Werner's financial condition, to punish Werner for its wrongful conduct toward Mr. Deuschle and to deter Werner and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Mr. Deuschle. You may not consider harm to others in deciding the *amount* of punitive damages to award.

## INSTRUCTION #13: VERDICT DETERMINED BY CHANCE NOT PERMITTED⁕

The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict. A verdict determined by chance is invalid.

## INSTRUCTION #14: ELECTION OF FOREPERSON AND RULES FOR DELIBERATION

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because your verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether for the plaintiffs or Werner, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you have agreed on the verdict, your foreperson will fill in each page of the form, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom. If you do not agree upon a verdict by 5:00 p.m. on any given day, you may separate and return for deliberation at 8:30 a.m. on the next business day. If you desire to deliberate after 5:00 p.m., you may do so but please notify the courtroom deputy if that is your intention.

Please be admonished that if you separate at any time during your deliberations, you are, during such separation, not to talk to anyone about this case or to talk among yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember

and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations which may occur after you commence deliberations.

Thank you for your service.

Dated this ___9th___ day of June, 2023.

Submitted at __2:45__ o'clock __p__.m.

BY THE COURT:

John M. Gerrard
Senior United States District Judge