IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>ANDREW DEUSCHLE,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | CASE NO: 8:18-CV-329 |

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF**

Plaintiff EEOC opposes Defendant's motion to file a sur-reply (Doc. 365). Briefing is complete in this Motion for Judgment. Nevertheless, Defendant now seeks to get another bite at the apple by filing a sur-reply reiterating the same arguments it raised in its Brief in Opposition (Doc. 359). Defendant's motion should be denied.

"Sur-replies are largely disfavored in federal court." *Fuller v. Lion Oil Trading & Transportation, LLC*, No. 1:19-CV-1020, 2020 WL 3057392 at *6 (W.D. Ark. June 9, 2020), aff'd, 848 F. App'x 223 (8th Cir. 2021) (internal citations omitted); *see also In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."). For this reason, sur-replies are "only allowed in extraordinary circumstances." *Fuller v. Lion Oil Trading & Transp., LLC*, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020).

1

"[A] sur-reply is unwarranted where the reply responds to the arguments in the resistance and does not raise new arguments." *Nidec Motor Corp. v. Broad Ocean Motor, LLC,* No. 4:13-CV-01895-SEP, 2022 WL 4482431 at *6 (E.D. Mo. Sept. 27, 2022) (internal citations omitted).

Defendant's motion summarily asserts that Plaintiff "raises different arguments for the first time in its Reply Brief" but does not identify a single example of an alleged new argument raised in Plaintiff's reply. Doc. 365. Plaintiff's initial brief fully set out the arguments in support of its motion. Doc. 354. Plaintiff cabined its Reply Brief (Doc. 361-1) to the arguments raised in Defendant's Brief in Opposition and did not raise a new argument. Defendant also fails to explain how Plaintiff's combined original brief and motion entitles them to a sur-reply. Defendant has not demonstrated extraordinary circumstances warranting a sur-reply.

Based on the existing briefing, the Court is well informed on the issue and a sur-reply is unwarranted. *See Fugett v. Douglas Cnty., Nebraska,* No. 8:21-CV-125, 2021 WL 4458898 at *4 (D. Neb. Sept. 29, 2021) (denying motion for leave to file sur-reply where the court was "well informed on the issues by both parties and therefore sees no need for a surreply."). Defendant, however, seeks to get the last word and reiterate arguments it already made.

The Court should therefore deny Defendant's motion to file a sur-reply.

Respectfully submitted,

*/s/ Meredith S. Berwick*
Meredith S. Berwick, MO Bar No. 64389
Equal Employment Opportunity Commission
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Phone: (314) 798-1909
Fax: (314) 539-7895
meredith.berwick@eeoc.gov

Joshua M. Pierson, KS Bar No. 29095
Lauren M. Wilson, FL Bar No. 1024850

2

                    Equal Employment Opportunity Commission
400 State Avenue, Suite 905
Kansas City, Kansas 66101
Phone: (913) 359-1807
Facsimile: (913) 551-6957
joshua.pierson@eeoc.gov
lauren.wilson@eeoc.gov

*Attorneys for Plaintiff EEOC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 575 words, which includes all text, including the caption, headings, footnotes, and quotations, as determined by Microsoft Word for Office 365 ProPlus.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                    */s/ Meredith S. Berwick*